Miller v. Chambers.

## MILLER v. CHAMBERS.

1. **Partnership**: RENUNCIATION OF BY PARTNER IS EXTINGUISHMENT OF INTEREST. A partner, by renouncing the partnership and opposing it, will be considered as having repudiated his contract with his partners, and will become as to them a stranger, and he can no longer set up and enforce against them the contract which by his acts he has denied, and in this case, *held* that he could not set up the partnership for the purpose of laying claim to a portion of what he alleged to be the assets of the firm. (See opinion for facts of case.)

*Appeal from Polk District Court*—Hon. W. F. CONRAD, Judge.

THURSDAY, OCTOBER 27.

ACTION in chancery to settle a copartnership. There was a decree for plaintiff; both parties appeal.

*C. C. Nourse* and *J. M. St. John*, for plaintiff.

*Parsons & Perry*, for defendant.

BECK, J.—I. The petition alleges that defendant orally agreed to become a partner with plaintiff in the business of securing privileges for mining coal, prospecting for coal, and taking leases of coal lands; and subsequently the terms of the agreement were stated by defendant, in a letter to plaintiff, which need not be particularly stated here. It is alleged that business under this agreement was prosecuted, and certain privileges and options for mining were secured, and labor and money expended and debts incurred. A privilege to prospect upon lands owned by T. E. Brown was secured, and the parties entered thereon, and expended money and labor in prospecting. Brown, claiming that the plaintiff and defendants had abandoned the work, and surrendered all rights acquired from him, took possession of the land, and denied the parties the right to enter thereon and prosecute the business of prospecting. Thereupon defendant, in his own name, brought a suit against Brown to recover damages for his wrongful acts in preventing Chambers from sinking a shaft upon the land of Brown, and recovered a judgment for $3,600 in the action. Plaintiff alleges that this judgment is of the assets of the copartnership existing between him and defendant, which is denied by defendant, who refuses to account therefor as partnership assets. The plaintiff asks that this judgment be regarded as partnership assets, and that an account be taken of the partnership property and debts, and a decree be entered providing for the payment of such sums as may be found due him. The defendant denies the allegations of the petition.

The district court found the existence of the copartnership, and by decree settled the same, awarding to plaintiff $682.75. Both parties appeal, the plaintiff complaining of certain allowances made in the settlement as stated in the decree, and the defendant denying plaintiff's rights to recover any sum.

II. Many questions and points are discussed by the parties. We find it unnecessary to notice more than one, the

determination of which, in view of the conclusion we reach
is decisive of the case.  Plaintiff, as we have shown in the
statement of the allegations of the petition, bases his claim
to recover upon the ground that the matters for which defend
ant recovered the judgment against Brown belonged to the
partnership.  The evidence, it must be admitted, shows that
they, under a mutual agreement, were to be equally inter-
ested in the leases and options acquired from Brown, and
were to share in the expenses of prospecting for coal.  It
was agreed that they, with others, should form a joint com-
pany to mine the coal, in which plaintiff and defendant were
to have equal interests.  The leases and prospecting were all
in contemplation of such an organization, and no mining
was to be done by them individually, or as copartners.  The
evidence clearly shows that, for reasons into which we need
not inquire, there was a disagreement between plaintiff and
defendant, and between Brown and defendant.  Defendant
went to Ohio, where he lived, intending to return and pros-
ecute the business connected with prospecting and mining.
Plaintiff, it appears, after defendant left, continued to pros-
pect.  He and Brown, uniting with others, formed a joint-
stock company, and proceeded to sink shafts and do other
work preparatory to mining.  They used the prospecting
done by plaintiff under the agreement with defendant,
taking possession of the land leased by Brown.  All this was
done for the corporation formed by plaintiff and Brown and
their associates, defendant having no part therein.  Defend-
ant returned from Ohio, and proceeded to assert his rights.
He found plaintiff prosecuting the work for the new corpo-
ration.  He was chosen by that corporation its superintend-
ent.  He denied defendant's rights, and, when defendant
went upon the ground, ordered him away, and took steps to
cause him to leave.  Defendant then instituted the suit
against Brown, the judgment rendered therein being the
particular property which plaintiff seeks to reach in this
action.  In that suit plaintiff was active in opposing defend-

ant's claim and in resisting recovery. He declares in his testimony that "it was an unrighteous act for Chambers to sue Brown;" and that he did everything he could to prevent Chambers recovering a judgment against Brown. There is no conflict in the testimony showing that plaintiff abandoned his connection with defendant, joined Brown in an enterprise which took from Chambers all rights, interest and property which he had or could acquire under the agreement between him and plaintiff, and aided to the extent of his ability in defeating recovery by Chambers. His course was that of undisguised and active hostility to the very partnership under which he claims to recover in this suit.

A partner, by renouncing a partnership and opposing it, will be considered as having repudiated his contract with his partners, and will become as to them a stranger. He can no longer set up and enforce against them the contract which he by his acts denies. The law will regard him as he regards himself by his acts, not as a partner, but a stranger to those with whom he was formerly associated. This doctrine is based upon the plainest principles of equity and justice. It is applied by the United States supreme court to a case not unlike the one before us. In that case the plaintiff's testator was a partner with two others in the practice of law. The partnership was engaged in prosecuting a claim. The testator quarreled with the claimant Lamar, and withdrew from the case, and denounced the claim as fraudulent to one of the judges privately. The other partners prosecuted the claim, and recovered. The plaintiff, as the representative of the recalcitrant partner, sought in the action to recover a share of the fees. The court, in recognizing the doctrine we have stated, used this language: "If, then, by abandoning the case, and denouncing it as fraudulent, he lost all the right which he had against Lamar, how can he claim from his copartners any of the compensation obtained for conducting the case after his abandonment to final success? His action was a breach of his duty to those partners, as well as of his

obligation to Lamar. By the agreement of copartnership he had undertaken to share in the labor and to promote the common interests of the firm, and that was the foundation of his right to share in its earnings. It may be that mere neglect of his duty would not have extinguished that right; but a repudiation of his obligation, refusing to act as a partner, or to perform the functions of a partner, is quite a different thing. It may well be considered as a repudiation of the partnership. It was said in *Wilson v. Johnstone*, L. R. 16 Eq. 606: 'He who acts so as to treat the articles as a nullity, as it regards his own obligations, cannot complain if they are so treated for all purposes.' It may therefore very justly be held that by his action Hughes became a stranger to the case, and repudiated any relation he had previously held to it as a partner in the firm. The partnership ceased as respects that claim."

Under this doctrine, the law requires us to hold that plaintiff cannot be regarded as a partner of defendant, and therefore cannot recover in this action. This view of the case disposes of both appeals. Plaintiff can recover nothing; therefore we need not inquire into the correctness of the court's findings as to the amount of the recovery. The case will be affirmed, on plaintiff's appeal. Plaintiff's petition will be dismissed, and a decree to that effect will be entered in this court.

Reversed on defendant's appeal. Affirmed on plaintiff's appeal.