sion of a certain amount of money in a certain pocket in his clothes, which was in good condition immediately prior to the assault, and when he swears that he saw the defendant put his hand in his pocket, and when within 10 minutes thereafter another witness swears to making an examination of the unconscious form of the person assaulted, and finds the torn pocket and no money, that a state of facts is presented upon which the jury would be entitled to draw the conclusion that the assault was for the purpose of a robbery, and that that crime had actually been committed. The inferences to be drawn from proved facts are essentially within the province of the jury, and when, having been properly and carefully charged as to the law, they have found, upon the facts proved and the necessary inferences therefrom, the defendant to have been guilty beyond a reasonable doubt, this court, upon an argument based upon a suggestion as to what might have happened, the defendant not having produced any evidence in his own behalf as to the material issues involved, will not set aside the verdict of the triors of the facts as against the weight of evidence.

We have examined the record with care, and we find nothing to criticise in the conduct of the district attorney or of the learned trial court. No errors were committed to the prejudice of the defendant. He was properly convicted of the crime whereof he stood indicted.

The judgment should therefore be affirmed. All concur.

---

(53 Misc. Rep. 566)

### KAHL v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. April 10, 1907.)

APPEAL—RECORD—MATTER OUTSIDE OF RECORD.

     Where a number of cases between the same parties for similar causes of action were not tried as one case, and the testimony in some of the cases, absolutely contradicting the plaintiff, was not made a part of the other cases, in which plaintiff was not contradicted, all the cases having been appealed, the court could not consider, as a basis for determining the cases in which plaintiff was not contradicted, the record of facts proven in those cases in which plaintiff was contradicted.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Gustave Kahl against the New York City Railway Company. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and ERLANGER, JJ.

Harcourt Bull, for appellant.

James L. Quackenbush, for respondent.

PER CURIAM. The facts in these cases are substantially the same, except as to the date of refusal of transfers, as in the case of Kahl v. N. Y. City Ry. Co. (reversed by this court in November, 1906) 101 N. Y. Supp. 750. We are asked, however, by the respondent herein, to defer our decision in these cases for the following reasons, set forth in the brief of counsel:

"Nine cases of this same plaintiff against the same defendant for similar causes of action were disposed of at one time by Justice Moore. Previous to this, in November, an appeal was taken in one of the cases, and argued at the November term. In two of these actions the defendant introduced testimony of conductors, substantiated by day cards with a record of the hours at which they made their trips, the number of the car of which they were in charge, and the route of the trips, absolutely contradicting the plaintiff as to the times at which he stated and testified from his record that he made the trip, as to the car numbers and conductors' numbers. The plaintiff did not bring on all these appeals to be heard, but has selected the ones in which such testimony did not appear, although the justice, at the time he determined the case, stated that, if he found that he had testified falsely in one case, he would not credit his testimony in any case, as it was uncorroborated. All of the nine cases are appealed to this court. As the justice determined them in the light of the testimony as brought out at that time in all the cases, it is submitted that this court, in passing upon the same cases, should have before it all the testimony, and that this may be done by presenting the records in the remaining cases before this court at the next term; that, if the cases are not brought on for argument at the next term by the plaintiff, the defendant will bring them on."

It will be seen that no claim is made that all the cases were tried as one, or that the testimony offered and received in the two cases referred to was, by consent or otherwise, made a part of the other cases; and we are asked to take the record of facts proven in those two cases as a basis for determining cases which do not contain those facts in evidence. This we cannot do. Each record must be complete in itself, and the record in one action cannot be considered in another, unless the same has been regularly offered and legally received in evidence in the case in which it is sought to be made a part thereof. There is no inherent improbability in the plaintiff's story. He was not contradicted, impeached, or discredited. Lewis v. N. Y. City Ry. Co. (Sup.) 99 N. Y. Supp. 462.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.