(89 Misc. Rep. 570)

### DEVINE v. MELTON et al.

(Supreme Court, Special Term, New York County. March, 1915.)

ESTOPPEL ☞68—REPUDIATION OF CONTRACT—RIGHT TO ACCOUNTING—FORFEITURE.

　　Pursuant to an agreement to divide the profits, plaintiff contracted to advance to defendant M. money to pay to the owner of certain land for the purchase of the job of wrecking certain buildings and as a guaranty for faithful performance, and M. in his own name, but for the benefit of plaintiff and himself and the owner of the land, contracted with the

owner to perform the work. Thereafter such money was used by plaintiff to obtain a contract with the owner to do the same work, after the owner had refused to permit M. to proceed under his contract, and plaintiffs did the work in the name of a corporation organized by him for that purpose. A suit brought by M. against the owner for breach of contract was defended by plaintiff, but M. recovered judgment. *Held*, that plaintiff, by thus defending and repudiating the joint contract made in the name of M., forfeited any right he otherwise would have had in such judgment, and his complaint in an action for an accounting by him as to the judgment should be dismissed on the merits.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 165–169; Dec. Dig. ☞68.]

Action for an accounting by Thomas F. Devine against Walter Melton and others. Complaint dismissed.

J. A. Delehanty, of New York City, for plaintiff.
Feltenstein & Rosenstein, of New York City, for defendants.

GUY, J. The plaintiff asks for an accounting by the defendant Melton with respect to a judgment obtained by said defendant against the firm of Havemeyers & Elder on November 11, 1914. On or about May 12, 1913, the plaintiff agreed with the defendants to advance $7,000 for the purpose of purchasing from said firm the job of wrecking certain buildings and clearing a site on land owned by the firm in Brooklyn. He also agreed to deposit with the owners of the land $5,000 as a guaranty for the faithful performance of the contract; and it was further agreed that the plaintiff should furnish the necessary pay rolls for labor performed, that all moneys received from the job should be turned over to him, and all accounts for material sold billed in his name; the profits of the job to be divided 40 per cent. to the plaintiff and the remaining 60 per cent. equally between the other two parties, the defendants Melton and Pritchett. In pursuance of the agreement the plaintiff paid to Havemeyers & Elder $12,000, and the defendant Melton, in his own name, but for the benefit of the plaintiff and the defendants, made the contract with that firm for the performance of the work as agreed upon. The owners of the property, however, refused to permit Melton to proceed with the work under the agreement, and the plaintiff thereupon made a contract with the owners to do the same work, and the same fund of $12,000 paid by the plaintiff to the owners for the purchasing of the material and as a guaranty for the faithful performance of the contract made in the name of Melton was used by the plaintiff to obtain his contract, which he subsequently performed in the name of the Do It Contracting Company, a corporation he organized for that purpose.

After the plaintiff began performance under his individual agreement, the defendant Melton brought an action against the owners to recover damages for their breach of contract in refusing to allow him to perform. That action was really defended by the plaintiff. He and his lawyers prepared the case for trial, and on the witness stand he denounced the defendant Melton and his brother as crooks.

Despite all the plaintiff's efforts, however, to defeat the claim Melton obtained judgment for $12,153.98, and the plaintiff has caused an appeal to be taken from the said judgment, paid for the stenographer's minutes of the trial, and furnished the undertaking on appeal.

The plaintiff, by his repudiation of the joint contract made in the name of Melton, has forfeited any right he would otherwise have had in the judgment.   In Denver v. Roane, 99 U. S. 355, 25 L. Ed. 476, it appeared that one of the copartners in a law firm refused to take part in the prosecution of a suit in which the firm had been retained on a contingent fee, withdrawing his appearance and severing his connection with the case, denouncing the case privately to one of the judges as altogether without merit and fraudulent, saying that he had decided not to be involved in a case of so scandalous a character and for so worthless and unworthy a client.   The court held that the representative of said attorney had no right to share in the fee received by the copartners as a result of their success in that litigation, sustaining the rule laid down in Wilson v. Johnstone, 16 Eq. Cas. Abr. 606, that he who acts so as to treat the articles of copartnership as a nullity as regards his own obligations cannot complain if they are so treated for all purposes.   And in Miller v. Chambers, 73 Iowa, 236, 34 N. W. 830, 5 Am. St. Rep. 675, wherein the plaintiff in an action against his copartner claimed portion of a judgment obtained by the defendant against one for whom the copartnership had performed certain work and services, it was held that as the plaintiff had denied the defendant's rights, resisted as far as he could the recovery of the judgment and declared that the conduct of his copartner in suing to recover the judgment was an unrighteous act, there should be judgment for the defendant.

The complaint is dismissed on the merits, with costs to the defendant Melton.

Judgment accordingly.