(170 App. Div. 280)

### DEVINE v. MELTON et al.

(Supreme Court, Appellate Division, First Department. December 10, 1915.)

1. EVIDENCE ☞43—JUDICIAL NOTICE—JUDGMENT.
   The court will take judicial notice of a judgment theretofore rendered material to a cause of action, whether pleaded or not.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 62–65; Dec. Dig. ☞43.]

2. JOINT ADVENTURES ☞4—MUTUAL RIGHTS OF PARTIES—REIMBURSEMENT FOR ADVANCES.
   Plaintiff agreed with defendant and a third party to advance the price of a building to be wrecked by them as a joint adventure, and also to advance the cash security required by the sellers of the building. This he did, and defendant agreed with the owners to wreck the building. There-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

after the owners breached their contract with defendant, and he secured a judgment against them for the amount of the price of the building, plus the security advanced, plus six cents as damages. The plaintiff made a new contract with the sellers to wreck their building, by which they agreed to hold the price and the security as for him, and he agreed to hold them harmless in any action by the defendant. After securing the benefits of that contract, and having paid defendant nothing, although it was not shown that he made any profit therefrom, he brought his action against the defendant to participate in the judgment secured by the defendant against the sellers. *Held*, that he was entitled to participate therein to the extent of the amounts advanced, since the judgment included only amounts advanced by him plus a few cents, and it did not appear that he had procured the sellers to breach their contract, and it was not clear that the advances made by him were not to be paid before the division of profits under the joint adventure.

[Ed. Note.—For other cases, see Joint Adventures, Cent. Dig. §§ 3–6; Dec. Dig. ⊜⇒4.]

Ingraham, P. J., and McLaughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by Thomas F. Devine against Walter Melton and others. From a judgment for the defendants dismissing complaint (89 Misc. Rep. 570, 153 N. Y. Supp. 715), the plaintiff appeals. Reversed, and new trial granted.

See, also, Melton v. Havemeyer, 168 App. Div. 941, 152 N. Y. Supp. 1127.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-LIN, SCOTT, and DOWLING, JJ.

Nathan F. Giffin, of New York City (John W. Hannon, of New York City, on the brief), for appellant.

Moses Feltenstein, of New York City, for respondents.

LAUGHLIN, J. This is a suit in equity to have it decreed that the defendant Melton holds a judgment in trust for himself and the other parties to the action, and for the dissolution of a joint adventure agreement, and for the division of the property after the payment of the debts.

The plaintiff alleged that on the 12th day of May, 1913, the parties agreed upon a joint adventure by which the defendant Melton was to enter into a contract with the firm of Havemeyers & Elder for wrecking a building at the corner of Kent avenue and North Third street, borough of Brooklyn, New York, and plaintiff was to pay to said firm the sum of $7,000 as the purchase price of the materials, and was to deposit with the firm the sum of $5,000 as a guaranty for the due performance of the contract by Melton, and was to furnish the necessary money for pay rolls, and the profits were to be divided 40 per cent. to the plaintiff and 30 per cent. to each of the defendants; that plaintiff made the contract with Havemeyers & Elder on the 21st day of May, 1913, and plaintiff paid the $7,000 and delivered the $5,-000 required to be paid and delivered under the contract between Melton and Havemeyers & Elder, but they refused to permit Melton to perform the contract, and on the 10th day of June, 1913, he brought an

action against Havemeyers & Elder in the Supreme Court to recover damages for their alleged breach in refusing to permit him to perform, and on the 11th day of November, 1914, recovered a judgment against them for $12,153.98, damages and costs, which has not yet been paid; that Melton is financially irresponsible, and there has been no accounting between the parties in the premises; that plaintiff has duly performed the joint adventure agreement on his part and has no adequate remedy at law to obtain his interest in the judgment so recovered by Melton.

[1] The defendants in the action brought by Melton for breach of the contract to wreck the building appealed to this court, where the judgment was affirmed without opinion. Melton v. Havemeyer et al., 168 App. Div. 941, 152 N. Y. Supp. 1127. The record on that appeal was not introduced in evidence on the trial of the issues in this action, but we may take judicial notice of its contents. We find that it appears thereby that Melton sought to recover the profits—claimed to be $25,010.80—which he would have made had he been permitted to perform the contract, and the court instructed the jury, in effect, that he was entitled to recover the difference between the cost of the contract to him and the amount he would have realized thereon over and above the expenses of performance had he been permitted to perform, plus the $5,000 deposited as security. It was shown in that action that the purchase price of the materials, namely, the $7,000, had been paid. The evidence was conflicting with respect to the profits that would have been realized on the contract. The verdict was for $12,-000.06, which plainly indicates that the jury determined to award merely nominal damages as the loss of profits, for the $12,000 represented the $5,000 deposited as security and the $7,000 which had already been paid under the contract. If the agreement had been executory with respect to the payment of the $7,000, it is manifest that the verdict would have been less by just that amount.

[2] The respondent Melton takes the position in this action that the plaintiff has no interest in the judgment recovered against Havemeyers & Elder, although it entirely, with the exception of six cents, represents the moneys advanced by this plaintiff under the joint adventure. The theory on which Melton makes this contention is that the plaintiff abandoned the joint adventure and forfeited his rights thereunder by contracting with Havemeyers & Elder for the demolition of the same building, and by defending the action by Melton against them, and by undertaking to indemnify them against and save them harmless from any action on the Melton contract. It appears that Havemeyers & Elder terminated the contract between Melton and them on the 6th day of June, 1913, pursuant to the provisions of a notice given to Melton by letter on the 3d day of the same month, in which they complained of his failure to give a bond for $20,000 and to personally supervise the work. It was conceded on the trial of this action that Havemeyers & Elder broke their contract with Melton by refusing to permit him to perform, and of course that was necessarily so adjudicated in his action against them. The next day after Havemeyers & Elder terminated the contract with Melton, the plaintiff entered into

a contract with them for the performance of the same work on the same terms, and on the same day entered into a separate contract with them by which it was agreed that the $7,000, which they had already received, should be retained by them as the purchase price of the material under their contract with him, and that the $5,000 which they held as security for the performance of Melton's contract should be held as security for the performance of plaintiff's contract, and by which plaintiff agreed to indemnify them against and save them harmless from any claim or action by Melton for the return of said money or for damages arising out of their contract with him. When Melton sued Havemeyers & Elder, the appellant assumed the defense of the action, and it was conducted by counsel employed by him, and by the answer interposed it was denied that they had broken the contract. The appeal from the judgment against them was also conducted by counsel for the appellant herein.

It was not shown that the appellant did anything to influence Havemeyers & Elder with respect to breaking their contract with Melton, nor was it shown that the negotiations for the contract which was subsequently made between plaintiff and Havemeyers & Elder were opened prior to the termination of the Melton contract. There is no material evidence, other than as I have stated, with respect to the circumstances attending the making of the contract between plaintiff and Havemeyers & Elder. There is evidence tending to show that prior to the time plaintiff entered into the contract for the performance of this work there were negotiations between him and Melton with respect to the assignment of the Melton contract to the plaintiff, and the evidence also tends to show that plaintiff entered into the contract for the performance of this work for the benefit of all the parties to the joint adventure on the basis of the original arrangement. He testified that he had an express understanding to that effect with the defendant Pritchett, and that is not controverted. He also testified that he informed Melton that he "would go on with the job and give him his share of his profit," and this is not specifically denied by Melton. Melton, however, denies that appellant offered to allow him to share in any profit under the contract on the original terms provided he would assign his contract to plaintiff. On these points evidence that might have had a material bearing was, I think, erroneously excluded. Shortly after the plaintiff and Havemeyers & Elder entered into their contract and after work was commenced, plaintiff organized a corporation for the sole purpose of performing the work in question, and he testified that the contract was assigned to the corporation, although the assignment is not in the record. The stockholders were appellant, defendant Pritchett, and a brother of appellant's attorney; but in what proportion the stock was divided between them does not appear. Appellant testified that the corporation has never done any other business, and that he "forgot all about the corporation because it did not amount to nothing." There is a finding to the effect that, after the performance of the contract of demolition made by plaintiff, the $5,000 deposited as security was returned by Havemeyers & Elder to the corporation or to the plaintiff, but the evidence shows that it was

returned to plaintiff; and the record on the other appeal shows it was returned to him personally.

We are of opinion that in the circumstances the court erred in ruling that the plaintiff forfeited his right to participate in the recovery in the action by Melton against Havemeyers & Elder. The evidence tends to show that no profits were made by plaintiff or by the corporation on the contract which plaintiff made for this work, but no finding was made with respect thereto. The evidence is insufficient to enable us to decide whether or not the other parties would be entitled to share in such profits if any had been made. We think that justice requires that the judgment should be reversed. On a full presentation of the case, the plaintiff may be chargeable with Melton's costs and expenses of the action against Havemeyers & Elder, provided it is decided that he is entitled to share in the recovery, and Melton may be entitled to share in the profits, if any, made on plaintiff's contract with Havemeyers & Elder; but on the evidence in this record it cannot be held that plaintiff has forfeited all right to the recovery of the $12,000.06, which represents the money he advanced under the joint adventure. It appears by the requests to find, and by the points, that the contention of appellant's counsel both on the trial and on the presentation of the appeal was that his client has a 40 per cent. interest in the judgment recovered by Melton against Havemeyers & Elder. Without deciding more favorably than appellant claims, with respect to a construction of the joint adventure agreement on a point on which respondent was not called upon to argue, it may be observed that it is not clear to us that the $5,000 deposited as security, which was to be returned on completion of the contract, was to be deemed profits, nor is it plain that appellant was not to be reimbursed for the $7,000 before the division of profits; and, if so, then the only profits of the joint adventure represented by the judgment against Havemeyers & Elder are the six cents, and in that view the decisions on which respondent relies (Denver v. Roane, 99 U. S. 355, 25 L. Ed. 476; Miller v. Chambers, 73 Iowa, 236, 34 N. W. 830, 5 Am. St. Rep. 675; Campbell v. Nims, 149 Ky. 101, 147 S. W. 932; Westwood v. Cole, 66 Misc. Rep. 53, 120 N. Y. Supp. 884; Id., 139 App. Div. 841, 124 N. Y. Supp. 97) are authority for depriving plaintiff of sharing in the profits of the joint adventure recovered from Havemeyers & Elder, but not for that part of the recovery which represents the money he advanced, provided it was not to be deemed part of the profits.

It follows that the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. Settle order on notice.

SCOTT and DOWLING, JJ., concur.

INGRAHAM, P. J. It appears from the complaint: That the plaintiff and the defendant Melton entered into an agreement whereby it was agreed that Melton should enter into a contract with Havemeyers & Elder to perform the work of erecting a building in Brook-

lyn in accordance with certain plans theretofore submitted. That the said contract should be in the name of the defendant Melton alone, but to be for the benefit of the plaintiff and both defendants. That the plaintiff should advance to Havemeyers & Elder $12,000, which was required to be paid to them by the contract. That the plaintiff was to furnish necessary funds for carrying out the contract, and the profits of the enterprise should be divided, 40 per cent. to the plaintiff, 30 per cent. to each of the defendants. The agreement was in writing, and a copy is annexed to the complaint. That thereafter the plaintiff paid to Havemeyers & Elder this sum of $12,000, and Walter Melton entered into a contract with Havemeyers & Elder, a copy of which was annexed to the complaint. That Melton did not complete and carry out his contract with Havemeyers & Elder and did no work thereunder, but thereafter Melton commenced an action in the Supreme Court of the state of New York to recover damages for a breach of the contract by Havemeyers & Elder in refusing to permit defendant Melton to carry out and complete the same, and at the end of November, 1913, Melton recovered a judgment against Havemeyers & Elder, in the sum of $12,153.98, which plaintiff alleges, although in favor of Melton alone, was, in fact, the property of the plaintiff and the defendants. That Melton is financially irresponsible, and that this judgment has not been paid, and asks that it be adjudged that Melton hold this judgment against Havemeyers & Elder in trust for himself and the defendants, that pending a trial Melton be restrained from collecting the said judgment, and that any proceeds of the judgment be divided between the parties to this action according to their respective rights and interests.

The answer alleges that the defendant Havemeyers & Elder failed to perform the contract with this defendant Melton; that Melton brought an action against the firm of Havemeyers & Elder to recover damages for a breach of the contract made with the plaintiff; that the plaintiff, in violation of the defendant's rights, "terminated, canceled, and annulled" the agreement between the plaintiff and the defendants and, for the purpose of preventing the defendant from sharing in any of the profits to be realized on the defendant's contract with Havemeyers & Elder, withdrew the $12,000 that plaintiff had paid to Havemeyers & Elder, and the plaintiff entered into a new contract with Havemeyers & Elder, eliminating the defendant Melton, to do the work required to be performed by Melton's contract with Havemeyers & Elder, and plaintiff completed that contract; that to induce Havemeyers & Elder to refuse to perform the contract with Melton and to obtain a new contract in his own name for the work, plaintiff executed and delivered an indemnity bond to Havemeyers & Elder, to insure it against any loss that Havemeyers & Elder might suffer by reason of any claim or action that the defendant would bring against them. And subsequently plaintiff brought his action against Havemeyers & Elder on to trial and recovered this judgment of $12,153.98. Upon the trial, there was no effort to prove that the contract between Melton and Havemeyers & Elder was in any way performed, or that any profits were realized therefrom, nor was either the plead-

ings or the judgment roll in the action brought by Melton against Havemeyers & Elder introduced in evidence. We have therefore an agreement between the plaintiff and the defendants that defendant Melton should execute a contract with Havemeyers & Elder, and the parties to this action should divide the profits. That contract was never carried out, and subsequently plaintiff withdrew the money that he had advanced to Havemeyers & Elder and procured a new contract with them for doing the work in which defendant Melton had no interest, and plaintiff performed the work under that contract and received for his own use the consideration paid for performance of the new contract with Havemeyers & Elder; that defendant Melton brought an action to recover damages for breach by Havemeyers & Elder of the contract with him, and has recovered damages for that breach against Havemeyers & Elder.

But it is quite clear, it seems to me, that whatever right the plaintiff had in the Melton contract was abrogated by the failure of the parties to complete that contract and by plaintiff's subsequently obtaining from Havemeyers & Elder a new contract to do the work contemplated in the contract between plaintiff and Melton. Plaintiff is endeavoring to enforce a contract which he alleges the defendant Melton violated, and which Melton alleges the plaintiff violated, but which never was performed by either party, and certainly not by the plaintiff. Upon the conceded facts in the pleadings, I do not see how this plaintiff is entitled to enforce his contract or recover from Melton any part of any damage that he has recovered from Havemeyers & Elder by reason of their failure to comply with the contract which that firm had with Melton for doing this work. Certainly, Melton has received no profits on this contract with Havemeyers & Elder that he agreed to divide with the plaintiff and defendant Pritchett, and, until a receipt of some profits or the completion of the contract, it does not seem that an action for an accounting would lie.

I think the judgment should be modified by providing that the judgment itself should not be a bar to the further action between the parties in the event that it appears that the defendant Melton has received any profits upon the contract with Havemeyers & Elder, to which plaintiff would be entitled, and, as thus modified, affirmed, with costs to the respondent.

McLAUGHLIN, J., concurs.