THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HYMAN DRITZ, Appellant.

Second Department, March 26, 1940.

*Milton D. Jacobs*, for the appellant.

*Frederick E. Weeks, Jr. [Walter A. Ferris, District Attorney]*, for the respondent.

PER CURIAM. Section 6, subdivision 4, of the Children's Court Act confers jurisdiction on the Children's Court of all cases, less than the grade of felony, against adults who contribute to the delinquency of a child. The proof showed that defendant acted

in concert with the child in the receipt and disposition of stolen goods. The child was, therefore, delinquent, as that term is defined in section 2 of the Children's Court Act and in section 486 of the Penal Law, and the defendant contributed to the delinquency by enabling the child to dispose of the fruits of his wrongful act. (Cf. *People* v. *Kupperschmidt*, 237 N. Y. 463.) We do not construe section 6, subdivision 4, of the Children's Court Act to require that the child be actually adjudged delinquent before the commencement of the proceeding against the adult. Commission of an act which contributes to the child's delinquency is the sole condition upon which jurisdiction depends. Nor do we believe that under section 494 of the Penal Law the adjudication of the child's delinquency must precede the filing of the petition against the adult in the Children's Court. Here there had been no such adjudication before the petition was filed against defendant, but there was some proof that Castellano was adjudged delinquent before defendant was brought to trial. Although the judgment in that proceeding was not introduced in evidence, the court could take judicial notice of its own record. (*Matter of Ordway*, 196 N. Y. 95; *Devine* v. *Melton*, 170 App. Div. 280.)

HAGARTY, CARSWELL and CLOSE, JJ., concur; JOHNSTON, J., dissents and votes to reverse the judgment, dismiss the petition and remit the fine, with opinion; LAZANSKY, P. J., concurs with JOHNSTON, J.

JOHNSTON, J. (dissenting). I dissent.

Defendant, after trial in the Children's Court of Westchester county, was found guilty of violating section 494 of the Penal Law. That statute, so far as material, provides that any person " who knowingly or willfully does any act or acts to produce, promote or contribute to the conditions which cause such child to be adjudged guilty of juvenile delinquency, * * * shall be guilty of a misdemeanor."

" A child of more than seven and less than sixteen years of age, who shall commit any act or omission which, if committed by an adult, would be a crime not punishable by death or life imprisonment, shall not be deemed guilty of any crime, but of juvenile delinquency only." (Penal Law, § 2186.)

The petition of the police officer, under which the prosecution was initiated, charges the defendant, who is a junk dealer, with violation of the above statute " in that he did knowingly or willfully promote and contribute to the conditions which caused James Castalano [Castellano], aged 15 years, to be brought before the Children's Court, County of Westchester, as a juvenile delinquent

child; and the said child having been so adjudged on the 1st day of March, 1939, * * *." The petition then alleges that on February 11, 1939, Castellano stole certain articles of the value of $130, and sold them to the defendant; that the defendant purchased them for one dollar and twenty-five cents, and that " The above purchase is a violation of Section 484 of the Penal Law."

In my opinion the Children's Court did not have jurisdiction of the subject-matter and, therefore, the judgment should be reversed.

Children's Courts, being courts of limited jurisdiction, possess only those powers expressly conferred upon them by the Constitution and by the Legislature pursuant to the Constitution. Their jurisdiction will not be presumed, and all facts necessary to confer jurisdiction must affirmatively appear in the record. (*Thomas* v. *Harmon*, 122 N. Y. 84; *Gilbert* v. *York*, 111 id. 544, 548; *Patrzykowski* v. *Mursten*, 250 App. Div. 355, 357; *Buffalo Savings Bank* v. *Tuott*, 236 id. 556, 558; *Bowman* v. *Seaman*, 152 id. 690, 694, 695.)

Section 18 of article 6 of the Constitution, so far as pertinent, provides: " The Legislature may establish Children's Courts, * * * and may confer upon them such jurisdiction as may be necessary for the correction, protection, guardianship and disposition of delinquent, * * * minors, and for the punishment and correction of adults responsible for or contributing to such delinquency, * * *."

The Constitution, in providing for the establishment of the Children's Courts, thus defined and restricted the jurisdiction which may be conferred upon them by the Legislature. Speaking of this provision in the Constitution, Mr. Justice HINMAN, in concurring, said: " The word ' such,' used before ' delinquency, * * *' is a word of reference and relates to the antecedent clause. The antecedent clause provides for the correction, etc., of delinquent * * * minors. It seems to me that, by the logic of the order in which these two clauses are presented, together with the use of the reference word ' such,' the application of the 2d clause is predicated upon a situation involving an application to the Children's Court for the exercise of its jurisdiction to correct a delinquent minor * * *. It was intended to reach the punishment of adults only as an incident to a proceeding initiated for the correction, etc., of a delinquent * * * minor. It was intended that every element involved in the delinquency * * * should be within the jurisdiction of that court, to be there disposed of as interrelated parts of one controversy. If an adult was found responsible for the delinquency, the court could punish the adult rather than the child. If the responsibility therefor was found divided, the court could correct or otherwise dispose of the child

and at the same time punish the adult who contributed to the delinquency." (*People* v. *Hopkins*, 208 App. Div. 438, 442, 443.)

Pursuant to the power granted by the Constitution, the Children's Court Act was enacted. (Laws of 1922, chap. 547, as amd.) Section 6, subdivision 4, of that act provides: " * * * the court shall have original jurisdiction to hear, try and determine all cases less than the grade of felony which may arise against any * * * adult responsible for or who contributes to the delinquency of * * * any child."

I cannot accept the statement in the prevailing memorandum that the jurisdiction of the Children's Court depends solely upon the commission of an act which contributes to the child's delinquency. To ascertain if the court has jurisdiction of the crime charged it is necessary to examine the indictment or information or, in this case, the petition, for it is the acts alleged which constitute the crime. (*People* v. *Peckens*, 153 N. Y. 576; *People* v. *Miller*, 143 App. Div. 251, 256; *People* v. *Seeley*, 105 id. 149.)

The majority holds that the adjudication of the child's delinquency need not precede the filing of the petition. The petition is the foundation for the jurisdiction of the Children's Court. (See *Shappee* v. *Curtis*, 142 App. Div. 155, 157.) As I read section 494 of the Penal Law, an adjudication that the child was guilty of juvenile delinquency is an essential element of the crime. The statute does not say that a person who does an act which contributes to the child's delinquency is guilty of an offense. It expressly provides that a person who does an act which contributes to the conditions " *which cause such child to be adjudged guilty of juvenile delinquency* " is guilty of a misdemeanor. There must be not only evidence that the child was delinquent but proof that he was so adjudged. An adjudication of the child's guilt is a condition precedent to a prosecution under the statute, and a petition which fails to allege that the child was so adjudged is insufficient to charge the crime defined in the statute. The draftsman of the petition recognized this, for he charged the crime almost in the identical language of the statute and inserted an allegation that the child had been adjudged guilty of juvenile delinquency on March 1, 1939. But that allegation is of no avail because it appears from the face of the petition, and the summons and judgment so recite, that the petition was verified and filed on February 15, 1939 — fifteen days before such alleged adjudication. Therefore, the court was without jurisdiction to punish the defendant for contributing to Castellano's delinquency because at the time the proceeding was commenced he had not been adjudged guilty of juvenile delinquency.

The majority holds there is some proof that Castellano was adjudged delinquent before the defendant was brought to trial on March 8, 1939. If there is I am unable to discover it. Castellano testified at the trial of the defendant, as did four other children who were with him at the time the articles were stolen and subsequently sold to defendant. But while three of the other children testified they had been adjudged delinquent because they stole the articles in question, neither they nor Castellano testified the latter had been adjudged delinquent for that reason or any other reason. In fact, the record does not disclose that Castellano was ever adjudged a juvenile delinquent. It is true the judgment recites he was so adjudged on March 1, 1939, but, while that is probably the fact, there is no evidence of it. Neither the record of the hearing nor the judgment in the proceeding at which Castellano was so adjudged was introduced in evidence. The majority holds that the Children's Court may take judicial notice of its own records. That is true; but we may not. An appellate court will not take judicial notice of proceedings in the lower court; nor in deciding one case will it take judicial notice of what may be contained in the record of another case, unless it is brought to the attention of the court by being made a part of the record of the case under consideration. (4 C. J. 561; *Shaw* v. *Shaw*, 155 App. Div. 252, 253; *Kahl* v. *New York City Railway Co.*, 53 Misc. 566, 567.)

But even if there were evidence that Castellano was adjudged delinquent before the defendant was brought to trial, it is not the proof but the pleading to which we must look to determine if a court of limited jurisdiction has jurisdiction of the subject-matter. '' Jurisdiction of the subject-matter is based upon the authority to hear and determine offenses of the class or grade charged in the information [petition], and is not dependent upon the facts appearing in a particular case * * *.'' (*People* v. *Perrin*, 170 App. Div. 375, 377.)

It must be admitted, as stated by the majority, that the proof shows that the defendant acted in concert with Castellano in disposing of the stolen articles and thereby contributed to Castellano's delinquency. But the record is barren of proof that the delinquency of which Castellano is alleged to have been adjudged on March 1, 1939, was the result of his having sold the articles to defendant. It may well be, and probably is, the fact that Castellano — like his associates — was adjudged delinquent because he stole the articles and not because he sold them to defendant. Castellano's delinquency started when he stole the goods which were later sold to defendant. It is not even suggested that defendant aided or abetted in the theft. Nor is it contended that when

he purchased the articles defendant knew they were stolen.  In fact, the petition alleges that the purchase of the articles was a violation of section 484 of the Penal Law, which provides that a junk dealer who receives or purchases merchandise from a child under the age of sixteen years is guilty of a misdemeanor.  The proof is absolute that the defendant is guilty of violating section 484 of the Penal Law; but he is charged with violating section 494 of the Penal Law.  Thus, the defendant has been proved guilty of a crime of which he was not charged and charged with a crime of which he has not been proved guilty.

The judgment should be reversed, the petition dismissed and the fine remitted.

LAZANSKY, P. J., concurs.

Judgment of the Children's Court of Westchester county, finding defendant guilty of violating section 494 of the Penal Law in that he knowingly and willfully promoted or contributed to the condition which caused one James Castellano, aged fifteen, to be adjudged guilty of juvenile delinquency, affirmed.