OPINION OF THE COURT
Stanley Gartenstein, J.
The within proceeding was dismissed for failure to prosecute when, with a "final” marking, the People indicated on the calendar call that they were not ready to proceed. As mandated by CPL 160.50, the docket was ordered sealed. On May 11, 1979, the court granted permission to the People to add this matter to its calendar without the official docket before the court for the purpose of entertaining an ex parte application to unseal the docket solely to calendar this case for a day certain at which time the court would have before it moving papers on notice to restore this cause and vacate the dismissal. It is claimed that the complainant was in fact in the *538 courthouse on the day of dismissal, ready to be heard, and under the control of a different unit of the District Attorney’s office, a fact not communicated to the assistant in the part because of a failure of communication. In efforts to calendar for this purpose, the District Attorney was unable to retrieve the docket physically because it had been sealed and unavailable. The ex parte application raises the question of whether or not the sealing statute, explicit on its face, prevents the court from gaining access to its own records for this or any other purpose.
The applicable provision which pertains to sealing provides (CPL 160.50, subd 1, par [c]): "all official records and papers, including judgments and orders of a court but not including published court decisions or opinions or records and briefs on appeal, relating to the arrest or prosecution, including all duplicates and copies thereof, on file with the division of criminal justice services, any court, police agency, or prosecutor’s office be sealed and not made available to any person or public or private agency”.
The statute further provides with reference to access to sealed records (CPL 160.50, subd 1, par [d]): "such records shall be made available to the person accused or to such person’s designated agent, and shall be made available to (i) a prosecutor in any proceeding in which the accused has moved for an order pursuant to section 170.56 or 210.46 of this chapter or (ii) a law enforcement agency upon ex parte motion in any superior court if such agency demonstrates to the satisfaction of the court that justice requires that such records be made available to it, or (iii) any state or local officer or agency with responsibility for the issuance of licenses to possess guns, when the accused has made applications for such a license.”
Inasmuch as this is the court of original jurisdiction and not a "superior court” as called for in CPL 160.50 (subd 1, par [d]), it would seem at first blush that it is without power either to retrieve and utilize its own records in the normal discharge of court business, or to enable a party, in this instance the District Attorney, who had a vital part in making these records in the first instance, to have access thereto for an application in that very same proceeding. This construction generates a manifest absurdity.
A reading of CPL 160.50 (subd 1, par [c]) will indicate that material in any docket which is traditionally of a nature *539 which aids bar and bench in "making law”, that is, of benefit to the entire profession because of its universality of interest in the process of stare decisis (viz., published court decisions, opinions, records and briefs on appeal), is exempt from the prohibition against retrieval of sealed materials. Obviously the statute was enacted to protect a defendant from having an arrest record haunt him when the ultimate result of the prosecution was exoneration (See Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL C160.60). It clearly appears that material necessary to the orderly administration of justice or which enables the court to function on a day-to-day basis does not fall within the statutory prohibition. A court has inherent power of self-preservation (cf. Ex Parte United States, 101 F2d 870, affd sub nom. United States v Stone, 308 US 519); to make determinations which are meaningful and effective (United States v Kelly, 55 F2d 67; Smull v Delaney, 175 Misc 795); and to exercise plenary control of its own records and processes (Lowry v Himmler, 136 Misc 215).
The clerk is directed to calendar this matter on the first available date under a suitable fictitious pseudonym and to deliver the sealed docket directly to the court on that date for temporary unsealing during argument and forthwith resealing thereafter if appropriate.