Joanna Gozzi, Esq. Deputy County Attorney, Onondaga
Based upon a telephone conversation elaborating on your written request for an opinion, we understand that various police agencies in your county maintain criminal records of arrestees on a centralized computer system. These records include the name and address of the arrestee as well as information pertaining to the arrest and prosecution. In addition to computer records, the agencies also maintain "paper" records on these individuals relating to arrest and prosecution. Where a defendant has been exonerated and the court has directed the sealing of all official records and papers relating to the arrest and prosecution under section160.50 of the Criminal Procedure Law ("CPL"), certain of these agencies seal the "paper" records and expunge all data on the computer, including the defendant's name and address. This, it is claimed, is required to effectuate the statutory policy of section 160.50 to afford anonymity to exonerated defendants. Other agencies have adopted the practice of sealing the "paper" records, expunging all computer data pertaining to the arrest and prosecution but retaining the defendant's name and address on the computer. This latter information is retained specifically for the purpose of identifying and providing access to "paper" records which have been sealed. You ask whether CPL, § 160.50
requires the expunction of the defendant's name and address.
Criminal Procedure Law, § 160.50(1)(c) provides that, upon the termination of a criminal action or proceeding against a person in favor of such person, the court shall enter an order directing that "all official records and papers * * * relating to the arrest or prosecution * * * on file with * * * any * * * police agency * * * be sealed and not made available to any person or public or private agency". Paragraph (d) of subdivision 1 establishes categories of persons or entities not bound by the sealing requirement who may, under certain circumstances, obtain retrieval of sealed records for their inspection. The purpose of the sealing requirement is to protect a defendant from having an arrest record when the ultimate result of prosecution was exoneration (People vAnonymous, 99 Misc.2d 537 [NYC Crim Ct, New York Co, 1979]). It is intended to place a successful defendant in the same position that he occupied prior to arrest (People v Anderson, 97 Misc.2d 408 [Sup Ct, Bronx Co, 1978]). The legislative intent was to remove all indicia of an arrest, which does not result in a criminal conviction (People v Flores,90 Misc.2d 190 [NYC Crim Ct, Kings Co, 1977]).
Section 160.50(1)(d), in providing for retrieval of sealed records under certain circumstances, contemplates that a police agency, when required to disclose records it has sealed, have some method of identifying and gaining access to such records. The retention of a defendant's name and address on computer may serve as an appropriate means of identifying and providing access to "paper records" which have been sealed. However, in our opinion such data on a law enforcement agency's computer itself is an indicia of an arrest record within the meaning of section 160.50(1)(c). This data constitutes an official record "relating to the arrest or prosecution", which is subject to the sealing requirement of section 160.50.
This does not mean, however, that such data must be expunged completely since section 160.50 requires the sealing and preservation, rather than the expunction, of arrest data. What it does mean is that, if a police agency desires to maintain name indices of exonerated defendants as a means of gaining access to "paper records", the computer must be programmed to withhold this data from users of the system except where retrieval has been authorized under the circumstances described in section 160.50(1)(d). Whether the particular system used in your county can be programmed in this manner is a subject beyond the scope of this opinion. We wish merely to point out that where an agency finds it necessary to retain computer data of this nature steps must be taken to preserve the confidentiality of such information.
You also have indicated that, in a few instances, there are no "paper" records, or such records have been misfiled, with the result that the computer records constitute the only records of a defendant's arrest and prosecution. We wish to point out that, in this situation, measures must be taken to preserve this data for future retrieval since this is the agency's only record of the defendant's arrest and prosecution. This information also must be "sealed" in the manner described above.
We conclude that a police agency may retain on computer the name and address of an exonerated defendant as a means of identifying and providing access to "paper" records relating to the arrest and prosecution which have been sealed by court order, provided such data is withheld from users of the system except where retrieval is authorized under section 160.50(1)(d).