OPINION OF THE COURT
Joseph D. Mintz, J.
This is a proceeding under CPLR article 78 for certain relief relative to the petitioner’s operating record, kept and disseminated by respondent. The facts upon which the claim is based are not in dispute. Petitioner was arrested on September 25, 1982, and charged with violations of Vehicle and Traffic Law § 1192 (2) and (3) and § 1120 (a). On May 12, 1983, petitioner was convicted of violations of Vehicle and Traffic Law § 1192 (1) (driving while impaired) and § 1120 (a) (failure to keep right). On appeal to County Court of Erie County, the conviction was reversed and all charges dismissed on the basis of a violation of *701 petitioner’s right to speedy trial. Notice of the reversal of the conviction, which reversal occurred on March 16, 1984, was served on respondent on or about March 22, 1984. According to usual procedure employed by respondent, petitioner’s conviction was never expunged; instead, notation of the reversal of the conviction follows notation of the conviction on petitioner’s operating record. This operating record is the same record disseminated to insurance companies by respondent pursuant to Vehicle and Traffic Law § 354. Petitioner claims that the dissemination of the operating record to his prior insurer resulted in the cancellation of his insurance.
Petitioner claims that the storage and dissemination of the conviction violates his rights under CPL 160.50 and 160.60 and the due process and equal protection clauses of the New York and United States Constitutions. Respondent claims the inapplicability of CPL 160.50 and 160.60, that respondent’s actions were required by Vehicle and Traffic Law §§ 354 and 514 (1), that respondent’s actions under sections 354 and 514 (1) violate none of the aforementioned New York and Federal constitutional clauses, and that any claim lies against petitioner’s insurer for violation of Executive Law § 296 (16).
CPL 160.50 provides in pertinent part:
“1. Upon the termination of a criminal action or proceeding against a person in favor of such person * * * the court wherein such criminal action or proceeding was terminated shall enter an order, which shall immediately be served by the clerk of the court upon the commissioner of the division of criminal justice services and úpon the heads of all police departments and other law enforcement agencies having copies thereof, directing that * * *
“(c) all official records and papers, including judgments and orders of a court but not including published court decisions or opinions or records and briefs on appeal, relating to the arrest or prosecution, including all duplicates and copies thereof, on file with the division of criminal justice services, any court, police agency, or prosecutor’s office be sealed and not made available to any person or public or private agency”.
Respondent claims that CPL 160.50 is not applicable in any circumstance since the Commissioner is not a “police department” or “other law enforcement agency” under CPL 160.50 (1) nor a “court,” “police agency” or “prosecutor’s office” under CPL 160.50 (1) (c). Respondent further argues that CPL 160.50 does not apply in any case which is governed by Vehicle and Traffic Law § 514 (1), since CPL 160.50, enacted after section 514 (1), is *702 silent as to section 514 (1). Finally, respondent argues that CPL 160.50 is inapplicable in this case since respondent was not served with an order by the clerk of the court as required in CPL 160.50, but by petitioner’s attorney, and that the order so served was not directed at respondent, but just to the Criminal Justice Services, the Sheriff and the Federal Bureau of Investigation.
As to respondent’s first argument, that respondent is not among the enumerated agencies under CPL 160.50 (1) and 160.50 (1) (c), the court is unpersuaded. First, respondent is empowered by the Vehicle and Traffic Law with a large variety of legislative and judicial powers. For example, under Vehicle and Traffic Law § 225, respondent is empowered with the adjudication of violations of the Vehicle and Traffic Law in heavily populated cities. In the exercise of this power, respondent acts as a court. Furthermore, respondent records the assessment of penalties, e.g., points, suspension of license, etc., and in the exercise of this power, respondent acts as a law enforcement agency. Second, the purpose of CPL 160.50 as manifested in the legislative history and case law since its enactment is to “protect a defendant from having an arrest record haunt him when the ultimate result of the prosecution was exoneration”. (People v Anonymous, 99 Misc 2d 537, 539 [Crim Ct, NY County 1979], citing Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 160.60.) Given this purpose, it could not have been the intent of the Legislature to order the seal of court records including judgments of conviction and the return of same with regard to courts, police agencies, prosecutor’s offices and the Division of Criminal Justice Services, but allow an agency such as respondent to keep such records for the purpose of disseminating them to insurance companies under Vehicle and Traffic Law § 354, as was the case here, and the purpose of proving a violation of Vehicle and Traffic Law § 511 (driving while license suspended), if the accused drives without a license after conviction but before the conviction is reversed (this purpose is offered by respondent in his supplemental affidavit), where the conviction could not be proven by traditional methods (e.g., certificate of conviction) because of the sealing of records. Even if this use of the conviction for further prosecutorial purposes is proper, CPL 160.50 (1) specifies certain procedures for the unsealing of the record. If the court deems the purpose of proving a violation of Vehicle and Traffic Law § 511 an appropriate reason for unsealing the record of conviction, upon proper procedure, the prosecutor will gain the records necessary to prove the section 511 violation. Otherwise, it seems inappropriate that a prosecutor could gain the record from respondent *703 when the court had forbidden the acquisition of the information from sealed records. That respondent is an agency to which CPL 160.50 (1) (c) applies is required to achieve application of the statute consistent with legislative intent, and the record of the conviction in the computer is a record to be “returned” by expunging same under CPL 160.50 (1) (c) requirements.
As to respondent’s second argument, that Vehicle and Traffic Law § 514 (1) and not CPL 160.50 governs with regard to proper procedure, it, too, is without merit. Vehicle and Traffic Law § 514 (1) (a) provides that the Commissioner may record a conviction upon receipt of a certificate of conviction from the clerk of the court of conviction, and that: “If any such conviction shall be reversed upon appeal therefrom, or shall be vacated or set aside, the person whose conviction has been so reversed, vacated or set aside may serve on the commissioner a certified copy of the appropriate order and the commissioner shall thereupon record the same in connection with the record of such conviction.” Respondent argues that section 514 (1) governs the proper procedure with regard to reversals of convictions previously recorded and that CPL 160.50 does not apply. General laws of construction require that statutes be read in such a manner as provides consistency and lack of contradiction. Furthermore, CPL 160.50, being a procedural statute and taking into consideration the intent of the section, is remedial in nature. (See, McKinney’s Cons Laws of NY, Book 1, Statutes § 55.) A remedial statute is to be “liberally construed” and “construed as to give effect to the intention of the lawmakers, that is, to effect or carry out the reforms intended and to promote justice, particularly where the statutes are designed to correct imperfections in a prior law. A liberal construction of such statutes is one which is in the interest of those whose rights are to be protected, and if a case is within the beneficial intention of a remedial act it is deemed within the statute, though actually it is not within the letter of the law.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 321.) On the basis of these rules of construction, Vehicle and Traffic Law § 514 (1) (a) will be construed narrowly to provide that it is the procedure the respondent may follow upon receipt of the order of reversal from the person whose conviction has been reversed, but that CPL 160.50 applies with respect to the expunging of any record of conviction upon receipt of an order regarding the sealing and return of records.
Finally with regard to CPL 160.50, we turn to respondent’s argument that it is inapplicable since respondent did not receive a seal order from the clerk of the court and that the seal order *704 was directed at the Sheriff and FBI and Criminal Justice Services but was not directed at respondent. The court acknowledges that through an oversight, respondent was not included among the list of agencies the order should have been directed to; however, petitioner’s attorney did serve a copy of the order upon respondent and respondent is thereby charged with notice of the order. In order, however, to insure appropriate compliance with a seal order, the respondent should be among the list of agencies to which such an order is directed, and amendment of the order by the Erie County Court, the court in which the conviction was reversed, should be sought.
Even if respondent failed to comply with CPL 160.50 on the basis of improper service of an order not directed to the Commissioner, compliance with CPL 160.60 was required, even in light of Vehicle and Traffic Law § 354. CPL 160.60 provides: “Upon the termination of a criminal action or proceeding against a person in favor of such person, as defined in subdivision two of section 160.50 of this chapter, the arrest and prosecution shall be deemed a nullity and the accused shall be restored, in contemplation of law, to the status he occupied before the arrest and prosecution. The arrest or prosecution shall not operate as a disqualification of any person so accused to pursue or engage in any lawful activity, occupation, profession, or calling. Except where specifically required or permitted by statute or upon specific authorization of a superior court, no such person shall be required to divulge information pertaining to the arrest or prosecution.” Respondent argues that CPL 160.60 does not prohibit the retention of the conviction record or its dissemination to the insurance companies under Vehicle and Traffic Law § 354, and that respondent has complied with CPL 160.60 by noting the reversal of conviction on petitioner’s operating record. Both arguments are fallacious. First, while CPL 160.60 does not expressly mention the retention or dissemination of the conviction record, the legislative intent to cover retention and dissemination of the conviction record is clear. The language of the statute itself, that “the accused shall be restored, in contemplation of law, to the status he occupied before the arrest and prosecution” (CPL 160.60), requires the removal of a besmirchment of petitioner’s driving record which was not there prior to his arrest and prosecution. Second, by making dissemination to a third party subject to the scrutiny of a “superior court,” the Legislature is making clear that dissemination of an arrest, prosecution and conviction resulting in reversal is clearly forbidden by the statute. Third, Vehicle and Traffic Law § 354 does not require the dissemination of reversed convictions to insur *705 anee companies. That statute provides that the Commissioner provide the “operating record” which record shall “include enumeration of any convictions of such person of a violation of any provision of any statute relating to the operation of a motor vehicle.” (Vehicle and Traffic Law § 354.) Section 354 does not require the divulgence of every piece of information within the Commissioner’s computer respecting the person whose record is sought. Strict compliance with section 354 does not require (or allow, pursuant to CPL 160.60) the inclusion of arrests not resulting in convictions. Similarly, a conviction which has been reversed is no more a conviction required by section 354 to be included than is an arrest or an acquittal. As for respondent’s argument that the inclusion of the conviction and the reversal in the record disseminated to insurance companies is for the administrative ease of not needing to answer a further inquiry of “What happened to the conviction?”, that argument presupposes that an insurance company has access to information not provided by respondent nor available through other methods due to the sealing requirements of CPL 160.50. Respondent’s dissemination of this information to petitioner’s insurer is not within any of respondent’s enumerated powers or duties and is in violation of CPL 160.60. Thus, even if respondent’s failure to comply with CPL 160.50 was rightfully based on improper service of an order to seal not properly directed to respondent, CPL 160.60 mandated the expungement of the conviction from the operating record disseminated to the insurance companies pursuant to Vehicle and Traffic Law § 354.
Finally, respondent argues that respondent’s actions did not injure petitioner, since it was the insurer who discriminated against petitioner in violation of Executive Law § 296 (16). While petitioner may also have an action against the insurer, it is clear that Executive Law § 296 (16) is not his only relief. Section 296 (16) is only part of a comprehensive legislative scheme which also includes CPL 160.50 and 160.60 (Matter of Hynes v Karassik, 47 NY2d 659, 663, n 3 [1979]). Had the Legislature meant to limit the petitioner to an action against the insurer, or any party acting adversely on an arrest not resulting in conviction, CPL 160.60 would have been unnecessary. The intent of the Legislature, by the entire scheme, was to insure that a person in petitioner’s position be protected from dissemination of information as well as from the acting upon the information so disseminated.
Based on the foregoing, petitioner’s petition is granted and respondent is required to expunge all records, be they manual or computer, relating to petitioner’s May 12, 1983 conviction, as *706 required by CPL 160.50 and 160.60, and to refrain from disseminating any information relating to the arrest, prosecution or reversed conviction to any party whether purportedly under Vehicle and Traffic Law § 354 or any other power of the Commissioner of Motor Vehicles. This decision was reached with regard to the statutory requirements enumerated above; petitioner’s constitutional arguments need not be and were not considered.