*526 OPINION OF THE COURT
Joseph D. Mintz, J.
Plaintiffs move for summary judgment in their action under Executive Law § 396 (16) and § 297 (9). Defendants cross-move for summary judgment. The facts are not in dispute.
On September 25, 1982, plaintiff Douglas Brown was arrested and charged with violation of Vehicle and Traffic Law § 1192 (2) and (3) and § 1120 (a). On May 12, 1983, after trial, plaintiff was convicted of violating Vehicle and Traffic Law § 1192 (1) and § 1120 (a). On July 7, 1983, as penalty for conviction under Vehicle and Traffic Law § 1192 (1), plaintiffs license was suspended under Vehicle and Traffic Law § 510 (2) Ob) (i). On February 29, 1984 defendant canceled plaintiffs’ insurance pursuant to Insurance Law § 3425 effective March 31, 1984. On March 16, 1984, plaintiffs conviction was reversed. On March 19, 1984, plaintiff requested reinstatement of insurance coverage, and defendants continued plaintiffs coverage pending review. On April 10, 1984, defendant again canceled plaintiffs policy effective April 17, 1984. Plaintiffs sued defendants under Executive Law § 296 (16) for cancellation and failure to reinstate.
Section 296 (16) provides: "It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, in connection with the licensing, employment or providing of credit or insurance to such individual; provided, however, that the provisions hereof shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the criminal procedure law.” When defendant issued a notice of cancellation on February 29, 1984, the arrest for violation of Vehicle and Traffic Law § 1192 (2) and (3) was either "then pending” or if not "then pending,” was not "followed” by a termination of that criminal action or proceeding in favor of such individual”. Consequently, the *527 cancellation notice of February 29, 1984 did not constitute discriminatory practice under Executive Law § 296 (16). However, when defendant again issued a cancellation notice on April 10, 1984, pursuant to plaintiff’s request for reinstatement, the arrest under Vehicle and Traffic Law § 1192 (2) and (3) was "not then pending” and had been "followed by a termination of that criminal action or proceeding in favor of such individual”. Thus, the second cancellation notice is to be examined for violation of Executive Law § 296 (16).
Defendant claims that its cancellation of plaintiffs’ insurance was not in violation of section 296 (16) because the cancellation was "specifically required or permitted by statute,” namely, Insurance Law § 3425 (c) (1) (B) which permits cancellation if based on "suspension or revocation during the required policy period of the driver’s license of the named insured or any other person who customarily operates an automobile insured under the policy”. Defendant argues that the suspension of the license establishes a risk to the insurer independent of the underlying conviction which was subsequently reversed, and that cancellation based on the suspension is not action on "arrest or criminal accusation,” or that it is "permitted” by Insurance Law § 3425. Plaintiff argues that the suspension was a direct result of the conviction subsequently reversed, and any action on the suspension is, at least indirectly, action on the arrest ultimately terminated in favor of plaintiff and violative of section 296 (16).
The suspension under Vehicle and Traffic Law § 510 (2) (b) (i) was part of the penalty for plaintiff’s conviction for violation of Vehicle and Traffic Law § 1192 (1). By acting upon the penalty, defendant has acted upon the underlying arrest and conviction. Such action is akin to discrimination on the basis of jail time either pending disposition of an arrest or following conviction prior to reversal. Such discrimination is so tied to the underlying arrest it cannot be considered independent of the arrest. Furthermore, the record indicates that pending defendant’s decision on reinstatement, defendant considered "the circumstances involved in the suspension for driving while impaired,” as set forth in the driving record disseminated by the Department of Motor Vehicles (DMV) which record included the conviction and reversal in violation of CPL 160.50 and 160.60 (see, related case of Matter of Brown v Passidomo, 127 Misc 2d 700 [Sup Ct, Erie County 1985]). Although defendant could consider "independent evidence of the conduct leading to the criminal charges” (Matter of Sky *528 line Inn Corp. v New York State Liq. Auth., 44 NY2d 695, 696 [1978]; emphasis supplied; New York State Dept. of Mental Hygiene v State Div. of Human Rights, 103 AD2d 546 [2d Dept 1984]), there is no authority for defendant to consider penalties flowing from criminal charges ultimately terminated in favor of plaintiff and there is no evidence that defendant considered any evidence leading to the charges independent of the driving record disseminated by DMV.
Defendant argues, however, that the discrimination is authorized by Insurance Law § 3425 (c) (1) (B), allowing cancellation for suspension of this type. Plaintiff argues incorrectly that the suspension in question is not a valid basis for cancellation under Insurance Law § 3425 based on that section’s exception for suspensions under Vehicle and Traffic Law § 510-b. However, the suspension here is under Vehicle and Traffic Law § 510, not § 510-b.
There is no question that section 3425 authorizes cancellation based on suspension like the suspension here. However, the suspension in this case must be deemed vitiated by the reversal of the conviction which gave rise to it and any reliance upon the suspension is misplaced. The intent of the Legislature in enacting section 3425 (c) (1) (B) can be gleaned from the section as a whole; cancellation under these facts is not consistent with the section as a whole. First, cancellation is not allowed upon administrative suspensions terminated prior to cancellation, for example, suspension pending resolution of charges. Second, the insurer can fail to renew for a conviction of driving while impaired (§ 3425 [m] [3] [A] [i]), but not cancel for such reason (see, § 3425 [m] [3]). Where, as here, there is no conviction for driving while impaired, since that conviction was reversed, so that an insurer no longer has grounds for failure to renew, it is inconsistent to allow cancellation on the basis of suspension arising out of the reversed conviction. Accordingly, the cancellation of April 10, 1984 was not authorized by section 3425 or other statute.
For the foregoing reasons, plaintiffs’ motion is granted and defendant’s motion is denied.