Kenneth S. Goldman, Esq. Deputy County Attorney, Onondaga
You have asked whether it is proper to store in a computer system certain biographical data on persons whose arrest records are required to be sealed under section 160.50(1)(c) of the Criminal Procedure Law. The biographical entries would be used as a means of gaining access to sealed paper records relating to the arrest and prosecution.
Section 160.50(1)(c) provides that upon the termination of a criminal action or proceeding against a person in his or her favor, the court is required to enter an order directing that "all official records and papers" relating to the arrest or prosecution that are on file with any police agency be sealed. These sealed records are available only to specified persons and entities (id., § 160.50[1][d]). The purpose of the sealing requirement is to protect a defendant from having an arrest record when the ultimate result of prosecution is exoneration (People vAnonymous, 99 Misc.2d 537 [NYC Crim Ct, N Y Co, 1979]).
In a previous opinion of this office, we considered whether a person's name and address could be stored by computers to provide a means of access to paper records that have been sealed (1983 Op Atty Gen [Inf] 204). We indicated that under section 160.50 data need not be expunged but must be sealed, preserved and made available only as directed by the statute (ibid.). We found that the name and address recorded in a computer system constitutes a record required to be sealed within the meaning of section 160.50(1)(c) of the Criminal Procedure Law (ibid.). Our opinion concluded that the name and address of the person exonerated from criminal charges may be maintained in a computer system provided that the system can be programmed to withhold this data from users except where retrieval has been authorized by law (ibid.).
In your county, it has been proposed that biographical data be maintained in a computer system to identify and provide access to paper records sealed under the Criminal Procedure Law. Specifically, the biographical information would include an identification number, name, alias, address, sex, race, ethnic origin, height, weight, hair color, eye color, date of birth and social security number. Under the proposed system, only certain individuals would be assigned security code clearance for access to the computer to retrieve sealed records where authorized by law.
Consistent with our previous opinion, we believe that this biographical data is an official record or paper required to be sealed under section160.50 of the Criminal Procedure Law. If access to this data is restricted as indicated by your letter, in our view it can be stored by computers consistent with the provisions of the Criminal Procedure Law.
We conclude that biographical data on persons whose arrest records are required to be sealed under section 160.50 of the Criminal Procedure Law may be stored in a computer system provided that access to the data is withheld except where authorized by law.