Aaron F. Goldstein, M.
The defendant is charged with violating section 1182 of the Vehicle and Traffic Law. The trial was held before me and at the conclusion decision was reserved on the defendant’s motion to dismiss the complaint on the ground that the same was insufficient.
The complaint against the defendant alleges “ That on April 7, 1962 at about 4:25 p. m., the defendant, Robert Squilleri, did drive a vehicle on Horace Harding Expressway eastbound between Main Street and Kissema Boulevard, a public highway in the County of Queens, City and State of New York, and did enter into a drag race with another vehicle in violation of Article 30, Section 1182 of the Vehicle and Traffic Law.”
Section 1182 of the Vehicle and Traffic Law reads as follows: “ § 1182. Speed contests and races. No races or contests for speed shall be held and no person shall engage in or aid or abet in any motor vehicle speed contest or exhibition of speed on a highway without the permission of the authorities of the state, city, town or village having jurisdiction and unless the same is fully and efficiently patrolled for the entire distance over which such race or contest for speed is to be held.”
The defendant contends that the complaint is insufficient on its face. An information charging the commission of a crime must state the crime and the acts constituting such crime, with the same particularity, clarity and exactness as in an indictment. This is to inform the defendant of the nature of the charge against him and of the act or acts constituting it, so that the defendant cannot be tried again for the same offense. (People v. Grogan, 260 N. Y. 138.) However, the violation with which the defendant is charged is not a crime. It is a traffic infraction punishable by a maximum fine of $50 or 15 days’ imprisonment, or both. (Vehicle and Traffic Law, §§ 155, 1800.)
*292 In Webster’s Third New International Dictionary, page 684, a drag race is defined as, ‘ ‘ an acceleration contest between automobiles, esp. hot rods.” The Encyclopedia Americana (vol. 2, p. 664) defines a drag race as “ an acceleration race from a standing start. ’ ’ In the book, ‘ ‘ Hot Bod It ” by Fred Horsley, the author states, “ On closed airstrips, rodders also began competing in acceleration or drag races for the fastest time over a quarter mile from a standing point. Back of dragging is the same competitive spirit that makes you want to beat the other cars from a stop light. Drag racing, though, like all hot rod competition, is done on a runway, a special course, or a roadway under careful supervision to insure safety and fair treatment to all competitors.” And at page 14: “ Drag racing, the short acceleration trials on a traffic closed road, such as the one used in Glen Cove, Long Island, or an air strip, is still a new sport. Since 1950 when the first drags were run in California at the Santa Ana Airstrip, this type of competition has spread throughout the country.” And at page 74: “ The competition, though, that made hot rodding a national sport from coast to coast is drag racing.” Articles on drag racing have appeared in various publications and newspapers. (See Long Island Daily Press, Jan. 12, 13 and 14, 1962; New York Journal American, Jan. 12, 1962.)
Courts can take judicial notice of the meaning of words, phrases and abbreviations. (Bichardson, Evidence [6th ed.], § 50.) This court takes judicial notice that a drag race is an acceleration contest between automobiles. Moreover, the term “ drag race ” is a term in common use.
An indictment, information or complaint need not allege matters of which judicial notice is taken. (Code Crim. Pro., § 286; People v. Resciniti, 191 Misc. 719.) Further, there appears to be no provision in the Administrative Code of the City of New York or the City Charter of the City of New York for the granting of permits for such acceleration races on the streets of the City of New York.
Both the prosecution and defense in the instant case rely on People v. Love (306 N. Y. 18). However, in that case where the defendant was charged with speeding, the court sustained the sufficiency of the complaint which alleged a violation of a traffic regulation and the defendant appeared to be guilty of a park department regulation. In discussion the sufficiency of the complaint, the court stated (p. 23): Although a traffic infraction, with which appellant was charged, is a minor offense, below the grade of misdemeanors, such as have always constituted in our law a class by themselves’ [citing cases], even the requisites *293 of an information or indictment are merely that it shall state the offense and the act constituting the offense (People v. Grogan, 260 N. Y. 138, 142). * * * All that is necessary is that the information shall state the crime charged with such accuracy that the defendant may know the offense which it is claimed he has committed (People v. Olmstead, 74 Hun 323). However awkwardly an information may be drawn, if it charges an offense known to the law and states acts done by the accused that constitute it, that will be sufficient (People v. Pillion, 78 Hun 74).” And at page 25: “ This would be true under the higher standard required in the case of an information charging a misdemeanor, although this was not a misdemeanor. A ‘ complaint in the Magistrates’ Court charging disorderly conduct ’, a similar grade of offense to a traffic infraction,‘ need not state the name of the crime, the “particular offense,” with the exactness required of an indictment or an information’” (People v. Hipple, 263 N. Y. 242, 244; People v. Grogan, supra).”
The complaint in this case charges that the defendant on a certain date and time did drive a vehicle on a public highway in the City of New York and did enter into a drag race with another vehicle in violation of section 1182 of the Vehicle and Traffic Law. The complaint fully informed the defendant of the offense with which he was charged and the acts constituting the same. The evidence here clearly establishes the guilt of the defendant beyond a reasonable doubt.
The motion of the defendant to dismiss the complaint is denied and the defendant is found guilty.