OPINION OF THE COURT
Harvey M. Sklaver, J.
I
These cases arise out of an undercover operation conducted by a division of the New York State Department of Mental Hygiene into the operations of the Bronx Developmental Center, a school for mentally retarded and developmentally disabled persons (Mental Hygiene Law § 13.17). It appears that an investigator was placed in the school as an aide in order to observe and report on the actions of the personnel vis-á-vis the residents. The foregoing is not yet part of the record but was revealed by counsel during a bench conference and is mentioned in order to set forth the background for what follows herein.
II
The defendants are charged in three separate dockets with various acts committed against various residents of the school. Each docket charges the defendants with attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]), harassment (Penal Law § 240.25 [1]) and endangering the welfare of an incompetent person (Penal Law § 260.25). Each complaint is by the investigator and is identical in form. Each varies only as to the date and time of the incident, the nature of the incident and the name of the resident. For example the first paragraph in docket 7X035246 alleges that the investigator *73 observed the defendant "with intent to cause physical injury to [complaining witness], did attempt to cause injury, in that the deft did punch [complaining witness] in the face with closed fist, causing her to suffer substantial pain.” The second paragraph alleges that the defendant, "with the intent to harass, annoy or alarm did subject [complaining witness], to physical contact”, in that the defendant punched the complaining witness and cursed at her. The third paragraph alleges that the defendant "did knowingly act in a manner likely to be injurious to the physical, mental or moral welfare of [complaining witness], who is unable to care for herself because of mental disease or defect” in that defendant punched her in the face. Finally, the last paragraph, on information and belief, is that the complaining witness "have [sic] been adjudged to be mentally incompetent.” The complaint was signed by the investigator.
III
The defendants were arraigned on these complaints and subsequently, in the All Purpose Part, the People filed a corroborating affidavit by Levestor Cannon, the Director of Mental Retardation at the Bronx Developmental Center. In it Mr. Cannon states that he has read the accusatory instrument, that he has reviewed the medical records pertaining to the complaining witness and that "the assertion, upon information and belief, of mental incompetence is true.” Upon the filing of the affidavit the People asked that the complaints be deemed informations. The defendants opposed this on two grounds. First, they argued, the suffering of substantial pain as it relates to the attempted assault is subjective on the part of the victim and, accordingly, requires the victim’s (complaining witness’) supporting deposition. In short, it is a fact as to which the investigator cannot state on her own knowledge. Second, the defendants argued, the purported corroborating affidavit by the Director of Mental Retardation is itself a hearsay affidavit for, as it states, the complaining witness’ mental incompetence is based upon information and belief.
IV
The defendants are not charged with assault; they are charged with attempted assault. This distinction is critical because it relieves the People of the burden of proving each element of the completed crime. Here the People need not *74 prove that the defendant actually caused pain to the complaining witness but only that (to paraphrase Penal Law § 110.00) the defendant "intend[ed]” to cause substantial pain and "engage[d] in conduct which tend[ed] to effect” that result. To state the point analogistically, the People need only prove a "swing”, not a "swing and a hit”. In other words, to answer the question of whether a person has made an attempt to commit a crime requires focusing on the mind and actions of that person and not upon the result of the acts (People v Rosencrants, 89 Misc 2d 721; People v Bracey, 41 NY2d 296). And the actor’s state of mind can be inferred from the actions he took (see, 1 CJI[NY] 9.31, at 502). Thus, the investigator’s complaint herein is sufficient to constitute an information as to the attempted assault. It should be noted in passing that while the factual part of the complaint alleges a completed assault in that the defendant hit the complaining witness "causing her to suffer substantial pain” that does not preclude the defendant’s being charged with attempted assault (People v Williams, 120 Misc 2d 68).
V
The charge of endangering the welfare of an incompetent person presents the court with a problem not previously addressed in the reported decisions, namely, the relationship of Penal Law § 260.25 to the various provisions of the Mental Hygiene Law.
The penal offense occurs when the defendant "knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a person who is unable to care for himself because of mental disease or defect” (Penal Law § 260.25). As to this charge the investigator states in the complaint that she "observed that at the aforementioned date, time and location the deft did knowingly act in a manner likely to be injurious to the physical, mental or moral welfare of [complaining witness], who is unable to care for herself because of mental disease or defect, in that the deft did punch [complaining witness] in her face with closed fist.” Of course, the portion of the allegation relating to the punch is based on personal observation but the portion relating to mental disease or defect is an unsupported conclusion.[1] The investigator, to set forth the basis for her assertion as to the complaining witness’ *75 condition, added: "Deponent further states that she is informed by Levestor Cannon, Director of Mental Retardation, that [complaining witness] have been adjudged to be mentally incompetent.” That statement being hearsay, the People filed a corroborating affidavit by Mr. Cannon in which he stated:
"1. I, levestor canon [sic], Director of Mental Retardation at the Bronx Developmental Center, hereby assert that I have read the accusatory instrument relating to this matter.
"2. That I have reviewed the medical records pertaining to [complaining witness], the complainant in this case, and that the assertion, upon information and belief, of mental incompetency is true.” (Emphasis added.)
The issue here is whether this affidavit is sufficient to convert the complaint to an information.
An adjudication of mental incompetence is not an element of the crime of endangering the welfare of an incompetent person (Penal Law § 260.25). Under that section, a person commits the crime when he knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a person "who is unable to care for himself because of mental disease or defect.” Contrast this with section 78.01 of the Mental Hygiene Law which provides that: "The supreme court, and the county courts outside the city of New York, have [exclusive] jurisdiction over the custody of a person and his property if he is incompetent to manage himself or his affairs by reason of age, alcohol abuse, mental illness, or other cause” (emphasis added). It is apparent that a person can be adjudicated incompetent for reasons other than mental disease or defect. Also, an adjudication may be made due to the person’s inability to manage his "affairs”, as distinguished from "himself’. Thus, an allegation that the complaining witness had been adjudicated to be mentally incompetent is too broad to set forth an element of the crime. Since the allegation of adjudication in the complaint adds nothing relevant, the affidavit of the Director of Mental Retardation is equally superfluous.
Even if the corroborating affidavit were construed to relate also to the allegation in the complaint that the complaining witness is unable to care for herself because of mental disease or defect (a strained construction since the affidavit used the words "mental incompetence” which parallel those in the paragraph relating to the information furnished by Mr. Cannon), it is not sufficient to convert the complaint to an infor *76 mation. This is so because the affidavit is not sufficiently clear that it is not based on hearsay. The affidavit is susceptible of two equally fair interpretations, the confusion arising from the use of the words "upon information and belief’. Does the affidavit mean that (to state it differently) "the assertion of mental incompetence, which is alleged in the complaint to be upon information and belief, is true” or does it mean that Mr. Cannon has reviewed the complaint and the medical records "and that, upon information and belief, the assertion of mental incompetence is true”? If the first interpretation is accepted then the affidavit might be sufficient to convert the complaint to an information; if the latter, clearly it is not.[2] Additionally, there is no statement as to Mr. Cannon’s education or experience to justify the conclusion that he is competent to read, interpret and render an opinion based on medical records, although the defendant has not objected on that ground.
While the Bronx Developmental Center is a school in the Office of Mental Retardation and Developmental Disabilities (Mental Hygiene Law § 13.17) and only mentally retarded persons are admitted as residents (Mental Hygiene Law § 15.03)[3] there is no allegation in either the complaint or the affidavit that the complaining witness is a resident of that school. Had there been such an allegation of residence perhaps the court could take judicial notice of the complaining witness’ mental condition[4] but that possibility is not present here.
Accordingly, until the People file a proper corroborating affidavit to the effect that the complaining witness is a person unable to care for herself because of mental disease or defect the court cannot deem the complaint to be an information.
*77 VI
For the guidance of counsel the court will address certain issues which will arise under any speedy trial motion which may be made at a later date. On August 25, 1987 the People filed the Levestor Cannon affidavit and asked that the matter be adjourned until September 3rd.[5] The court reserved decision on whether to deem the complaint converted to an information but, for CPL 30.30 purposes, charged nine days to the People. Thereafter, on September 3rd the court continued to reserve decision on the conversion but indicated on the record that the court’s then inclination was to regard the affidavit as sufficient to convert. In that light the defendants agreed to voluntary discovery, a motion schedule was fixed and the matter adjourned to November 10th for the filing of discovery motions. The court also announced that this adjournment period was to be excluded from CPL 30.30 calculations. The within ruling that the Levestor Cannon affidavit does not convert the complaint to an information does not require that the CPL 30.30 determinations be changed. The People filed the affidavit in good faith and were entitled to rely on the court’s statement that it would probably deem the complaint an information as of the date the affidavit was filed. This is what distinguishes the present case from People v Rodriguez (131 Misc 2d 864) and People v Twine (121 Misc 2d 762). (See also, People v Wilson, 119 AD2d 843.) In effect, the adjournment here was at the court’s request for time to decide the People’s application to convert the complaint to an information (CPL 30.30 [4] [a]). None of the time from September 3rd to November 10th is to be charged to the People if they file a satisfactory corroborating affidavit on or before that latter date.

. The allegation is insufficient to permit the‘court to deem the complaint to be an information (People v Mackey, 61 Misc 2d 799).

. It may be that the confusion arises from the typographical error of placing a comma before the expression "upon information and belief’. Had the comma not existed, the entire expression "and that the assertion upon information and belief’ would have referred back to the earlier mentioned accusatory instrument so as to render the affidavit nonhearsay.

. See Mental Hygiene Law §§ 15.13 and 15.15 for standards for voluntary admissions and Mental Hygiene Law §§ 15.27, 15.05 (b) and § 15.31 for procedures for involuntary admissions and Mental Hygiene Law § 15.33 for court-ordered admissions.

. An information need not set forth matters of which judicial notice may be taken. (People v Resciniti, 191 Misc 719; People v Squilleri, 37 Misc 2d 291.)

. Some of the cases were adjourned to that date but, at the requests of other defendants, their cases were adjourned to later dates.