*375 OPINION OF THE COURT
Joseph E. Gubbay, J.
Defendant’s March 14, 2000 motion to dismiss pursuant to GPL 30.30 is hereby granted unless, by close of business this date, the People serve and file the following documents: a certified copy of the order of protection which defendant allegedly violated, a corroborating affidavit sufficient to establish defendant’s knowledge of the order, and an announcement of readiness for trial.
This case encompasses issues which are critical to a just and timely disposition of cases involving allegations of domestic violence as well as all cases brought in the Criminal Court. Proper drafting of complaints, proper service and filing of documents and timely procedural practice are essential to protect complainants, preserve defendant’s fundamental rights and maximize the effective use of the court’s limited resources.
The court has considered the defendant’s moving papers and the court file. To date, the People have failed to submit their response, which was due March 27, 2000. Although the defense urges dismissal on default pursuant to People v Cole (73 NY2d 957 [1989]), the court finds a sufficient basis to withhold dismissal until after close of business this date.
Defendant was originally charged in a misdemeanor complaint with criminal contempt in the second degree (Penal Law § 215.50 [3]). In pertinent part, the complaint alleged that, on or about August 22, 1999, defendant committed acts[1] in violation of a Family Court order of protection issued on September 15, 1998 and in effect until September 14, 1999. The order, issued under docket No. 0-20653/98, required the defendant to stay away from Sieglien Bendter and her children. Since the charge is a class A misdemeanor, the People must announce readiness within 90 days from commencement of the action. The action commenced on August 23, 1999 with the filing of the misdemeanor complaint. Accordingly, the People were required to be ready by November 21, 1999, except for any excludable periods which would toll expiration of the 90-day period.
The People can only answer ready upon an instrument which constitutes an information. The People cannot be ready for *376 trial on an unconverted complaint. “Readiness” with respect to conversion is not “readiness for trial” for speedy trial purposes. (See, People v Llovet, NYLJ, Apr. 24, 1998, at 29, col 5 [Crim Ct, Kings County].) In order to announce readiness for trial, the People must comply with the dictates of People v Kendzia (64 NY2d 331 [1985]) by communicating their present readiness to counsel in open court or by serving written notice upon defense counsel and filing such notice with the court clerk.
In order for an accusatory instrument charging contempt in the second degree (Penal Law § 215.50 [3]) to constitute an information, it must contain nonhearsay, sworn factual allegations establishing, if true, that the defendant intentionally disobeyed the lawful mandate of a court. In particular, the instrument must be accompanied by a certified copy of the order in question (People v Arut, App Term, 2d Dept, Oct. 21, 1999, No. 98-49 K CR),[2] as well as proof of defendant’s awareness of the order at the time he allegedly violated it and factual allegations as to the manner in which the court’s order was disobeyed.
The crux of defendant’s motion is that the People were not ready within the 90-day period because the complaint was not converted to an information until November 30, 1999 when the People allegedly filed a certified copy of the order of protection. However, an examination of the court file reveals that, although it does contain a copy of the order allegedly violated, the order was never certified. Moreover, the certified order to which defendant refers (and which purportedly converted the complaint to an information) is, in fact, a certified copy of a different order of protection which the People mistakenly obtained and erroneously submitted to the court on November 30, 1999.[3]
In addition, although not raised by the defense as a basis of the motion to dismiss, the court notes that the sworn allega *377 tions concerning defendant’s knowledge of the relevant order of protection are insufficient to convert the instrument to an information, and the complaint remains unconverted on this second ground as well.
With respect to this second ground, it should be noted that the face of the Family Court order indicates that it is an ex parte order of protection. There is no proof of service, before this court, of the order upon the defendant.
Further, the sworn allegations in the complaint as to defendant’s knowledge of the order are insufficient. The complaint is based upon the sworn statements of Amy Cruz, a paralegal in the District Attorney’s office. She alleges that the basis for her belief that defendant had knowledge of the order is that, “[d]eponent is further informed by the defendant’s own statement that the defendant was aware of the above mentioned order of protection.” In the complaint, Ms. Cruz does not allege that the defendant made the statement directly to her nor does she specify the specific statement defendant allegedly made. Reference to the People’s CPL 710.30 (1) (a) notice indicates that the statement was made to the arresting officer. Absent amendment of the complaint, coupled with the submission of a supporting deposition from the arresting officer, the complaint remains unconverted on the aspect of defendant’s knowledge of the existence of the order of protection.[4]
Before turning to an analysis of the chargeable periods, a preliminary issue to determine is whether Arut (supra) has retroactive force. Under authority of Matter of Taihem F. and Matter of Glen M. (222 AD2d 322 [1st Dept 1995], lv denied 88 NY2d 806 [1996]), the court holds that Arut (supra), decided on October 21, 1999, does control the instant accusatory instrument which was filed on August 23, 1999. Taihem F. and Glen M. (supra) held that the decisions in Matter of Wesley M. (83 NY2d 898 [1994]) and Matter of Rodney J. (83 NY2d 503 [1994] [accusatory instruments are jurisdictionally defective if they do not contain nonhearsay allegations which establish each element of crime]) were to be applied retroactively in that they *378 did not articulate a “new rule.” (Matter of Taihem F., supra, at 323; People v Favor, 82 NY2d 254 [1993].) As the Court noted in People v Favor (at 263), “ ‘[a] judicial decision construing the words of a statute [for the first time] does not constitute the creation of a new legal principle’ (Gurnee v Aetna Life & Cas. Co., [55 NY2d 184,] 192 [1982]). Further, retroactivity should not be in question when a court’s ruling merely applies previously established principles in a new factual setting or settles a question in a manner that was clearly foreshadowed (see, Gurnee v Aetna Life & Cas. Co., * * * supra * * *).”
Similarly, the Arut holding cannot be construed as a new rule since it was plainly foreshadowed by People v Alejandro (70 NY2d 133, supra). Moreover, the holding is nothing more than a sensible construction of CPL 100.15 (3) which requires that an information contain facts of an “evidentiary character.” (Gurnee v Aetna Life & Cas. Co., supra, at 192.)
Thus, the court finds that the instant accusatory instrument has not met the jurisdictional requirements of an information. Having reached this conclusion, the court must determine whether the People have exhausted the 90-day time limit in which to answer ready upon a proper information or whether, by reason of excludable periods, the time limit has been tolled sufficiently to enable the People to timely file the necessary documents and announce readiness.
A review of the reasons for the adjournments from commencement of the action on August 23, 1999 to date leads to the conclusion that, taking into consideration all excludable periods, the People have as of this date reached the 90th day and, therefore, must establish readiness for trial on a converted accusatory instrument by the close of business or face dismissal of the complaint.
The four-day adjournment from August 23 to August 27, 1999 for conversion of the complaint to an information is charged to the People.
The 25-day period from August 27 to September 21, 1999 is excludable as an adjournment for “DBS” (discovery by stipulation). The period of an adjournment with defendant’s consent and for his benefit during the statutory time limit is excludable. (CPL 30.30 [4] [b]; People v Worley, 66 NY2d 523 [1985].)
The 28-day adjournment from September 21 to October 19, 1999 for trial is chargeable to the People. The complaint was not converted and there is no indication from the court file or any allegation by the People that the adjournment was for the benefit of the defendant.
*379 The 16-day adjournment from October 19 to November 4, 1999 for trial is chargeable to the People. The accusatory instrument was not properly converted and the People were not ready because a 911 tape was needed for trial.
On November 4, 1999, defense counsel was not present and defendant failed to appear. A bench warrant was ordered. Pursuant to CPL 30.30 (4) (c) (ii), the period from the day a bench warrant is issued for failure to appear until defendant appears is excludable. On November 5, 1999, defense counsel appeared without defendant and requested that execution of the warrant be stayed. The case was adjourned until November 30, 1999. The intervening 26-day period is therefore excludable. (CPL 30.30 [4] [b], [c]; People v Toro, 151 AD2d 142 [1st Dept 1989], appeal dismissed 75 NY2d 818 [1990].)
On November 30, 1999, the People answered not ready and requested an excludable adjournment to January 11, 2000, citing CPL 30.30 (4) (g) (i).[5] Although the People purportedly filed a certified copy of the order of protection, as noted above, that submission was erroneous, the appropriate order was never certified, and the complaint was never properly converted. Accordingly, this 42-day period is chargeable to the People. When added to the previously charged 48 days, the People had accrued a total of 90 chargeable days and, unless readiness was announced on that 9.0th day, the time limit would have expired. An announcement of readiness on the last day of a statutory speedy trial time limit is timely. (See, People v England, 195 AD2d 751 [3d Dept 1993], affd 84 NY2d 1 [1994]; People v Powell, 179 Misc 2d 1047 [App Term, 2d Dept 1999].)
On January 11, 2000, the People announced their readiness. However, this announcement was ineffective because the complaint was still not properly converted to an information. The case was adjourned to February 9, 2000 at defense request to file the instant motion. This period of 29 days is therefore excludable.
*380 The 34-day adjournment from February 9 to March 14, 2000 for defendant’s speedy trial motion is excludable. (CPL 30.30 [4] [a], [b].) '
The 22-day period from March 14 until April 5, 2000 is excludable as a period during which defendant’s motion was under consideration by the court. (CPL 30.30 [4] [a], [b].)
In sum, as of this date, the People have reached the 90th chargeable day. The People have the full 90-day period in which to be ready. Accordingly, defendant’s motion to dismiss is granted unless, by close of business this date, the People serve and file the necessary documents.

. On the date in question, the complainant allegedly observed the defendant stand outside her home and then run after her into her building where he kicked and hit her apartment door, rang her doorbell and stated that he just wanted to see his kids.

. The entire decision in People v Arut (supra) stated: “Since the order of protection annexed to the original accusatory instrument was uncertified and not rendered admissible by any other authorized method, it is not prima facie evidence (CPLR 4540; 4543). The instrument is therefore jurisdiction-ally defective as an information and could not be superseded by a prosecutor’s information (CPL 100.15 [3], 100.50 [2] [3]; see, People v Jean-Mary, NYLJ March 15, 1995; [App Term 9th & 10th Jud Dists]; see also, People v Alejandro, 70 NY2d 133).”

. Although the order submitted by the People on November 30, 1999 contains the necessary certification, the order itself is not the one defendant allegedly violated. The order underlying the present charge was in force from September 15, 1998 to September 14, 1999. The certified order filed by the prosecution relates to an ex parte, temporary order of protection issued by *377 the Family Court, Kings County, on November 17, 1999, subsequent to the crime alleged in the instant complaint.

. At the time the defendant was arraigned, CPL 710.30 (1) (a) notice was served and filed. The notice indicates that the defendant stated to the “A/O” (arresting officer) at the time of arrest, “I thought the order of protection was expired.” The People cannot rely upon this statement to establish defendant’s knowledge of the order, absent amendment of the complaint to reflect that the statement was made to the officer, and a supporting deposition submitted by the officer.

. The marking by the Judge then presiding deemed this 42-day period excludable as an exceptional circumstance, pursuant to CPL 30.30 (4) (g) (i). The basis for the exclusion was the complainant’s late-term pregnancy (two weeks to due date) and her homebound condition. However, this exclusion was apparently predicated on the mistaken belief that the People had converted the instrument to an information. Insofar as the complaint was never converted to an information, it remained jurisdictionally defective, and the exceptional circumstance described by the People was irrelevant with respect towards curing this defect.