OPINION OF THE COURT
Gerald Harris, J.
This case presents the novel issue of what evidence is *172 required to convert to an information a misdemeanor complaint charging bail jumping in the third degree (Penal Law § 215.55). The decision also addresses whether a pleading omission maybe cured by judicial notice of a sealed file.
The complaint alleges that the defendant, Christopher Perez, was arrested on October 5, 2002 for disorderly conduct (Penal Law § 240.20 [5]) because the milk crate on which he sat obstructed the sidewalk.
The complaint further alleges that the arresting officer “has examined the CRIMS computer system, a database maintained by the New York State Office of Court Administration * * * and it shows * * * that, by court order, the defendant was released from custody and allowed to remain at liberty upon bail or was released in [his] own recognizance, upon the condition that defendant subsequently appear personally on March 4, 2002 in connection with a criminal proceeding charging the defendant with a misdemeanor or violation pending before the Criminal Court of the City of New York * * * and that the defendant failed to appear personally as required on that date, or within thirty days thereafter.”
Defendant was arraigned on October 6, 2002 on charges of bail jumping and disorderly conduct and the court adjourned the case to October 11, 2002 for the People to serve and file a supporting deposition, since the allegations of the arresting officer, as to the information he acquired by examination of a computer database, were, manifestly, hearsay. On October 11, 2002, the People served and filed a computer printout captioned “CRIMS Appearance History” (hereinafter CRIMS) and argued that the filing of that document converted the complaint to an information. The court declined to deem the complaint converted and directed the People either to furnish legal authority supporting their argument or to serve and file a supporting deposition. On the adjourned date, November 19, 2002, the People furnished neither legal authority nor a supporting deposition. The court ruled that a certified copy of court records demonstrating defendant’s violation of a bail order was required. On December 20, 2002, the People requested an opportunity to reargue and a motion schedule was fixed.
The People have served and filed an affirmation by an Assistant District Attorney, dated January 13, 2003, which argues that the complaint should be deemed an information as of October 6, 2002, the arraignment date, on either of two theories — that CRIMS should be considered a public document for purposes of the hearsay rule, or that the court should take *173 judicial notice of the court files of the underlying case upon which the defendant failed to appear and a warrant issued.
Penal Law § 215.55 provides that a person is guilty of bail jumping in the third degree when by court order he has been released from custody or allowed to remain at liberty, either upon bail or upon his own recognizance, upon condition that he will subsequently appear personally in connection with a criminal action or proceeding, and when he does not appear personally on the required date or voluntarily within 30 days thereafter.
CPL 100.15 (3) provides, in relevant part, that the factual part of an accusatory instrument must contain a statement of the complainant alleging facts of an evidentiary character supporting or tending to support the charges. The factual allegations may be based either upon personal knowledge of the complainant or upon information and belief. “Nothing contained in this section, however, limits or affects the requirement, prescribed in subdivision one of section 100.40, that in order for an information or a count thereof to be sufficient on its face, every element of the offense charged and the defendant’s commission thereof must be supported by non-hearsay allegations of such information and/or any supporting depositions.” (CPL 100.15 [3]; see CPL 100.40 [1] [c].)
The Court of Appeals, in People v Casey (95 NY2d 354 [2000]), held that while the failure to allege facts constituting each element of the crime charged was a nonwaivable jurisdictional defect, the failure to comply with the statutory requirement that those factual allegations be nonhearsay was merely a defect in form which could be waived by the absence of a timely objection. (Casey at 364.) The Casey Court also recognized that the nonhearsay requirement could be satisfied by an allegation admissible under a hearsay exception.
Since this court, from the time of arraignment forward, has required the People to support the hearsay character of the allegations concerning defendant’s violation of a bail order, there is no basis for inferring that the defendant has waived objection to the complaint’s noncompliance with the requirements of CPL 100.40 (1) (c).
It is the contention of the People that the pleading requirements of CPL 100.40 (1) (c) have been satisfied because the CRIMS document is a public document which falls within an exception to the hearsay rule or because the court may itself remedy the defective pleading by taking judicial notice of the court records relating to the case (since dismissed for lack of *174 speedy trial) in which the defendant is alleged to have jumped bail.
The CRIMS document filed by the People purports to be a list of appearance dates in defendant’s earlier case together with cryptic abbreviations which seem to suggest that a warrant was issued on March 4, 2002. However, the document is a computer printout which bears no certification by a public officer as to its authenticity, accuracy or status as an official record, as required by CPLR 4520 (public records exception), nor does it bear a certification or affidavit that the document was made and kept in the regular course of business by the New York State Office of Court Administration as required by CPLR 4518 (business records exception). In fact, it contains no reference to the source or custodian of the data reflected in the document.
It would seem that something more than an unsigned and uncertified computer printout form from an unidentified source is required to support an allegation, otherwise based solely upon the statement of a person without personal knowledge, that the defendant: (i) had been released on bail or in his own recognizance; (ii) failed to appear on a date set for his appearance; and (iii) failed to appear within 30 days thereafter.
Although the parties do not cite, and the court finds no cases directly on point as to the sufficiency of a CRIMS report, cases involving a charge of criminal contempt of a court order are instructive. Thus, for example, to adequately charge a violation of Penal Law § 215.51, the People are required to file with the complaint a copy of the underlying court order allegedly violated.
A criminal contempt charge was held not converted without filing the order of protection where there was no evidence that the complainant had shown the deponent officer a certified copy of the order. (People v Peluso, 192 Misc 2d 33 [Crim Ct, NY County 2002]; see also, People v Bendter, 184 Misc 2d 374 [Crim Ct, Kings County 2000]; People v Arut, App Term, 2d Dept, Oct. 21, 1999, Index No. 98-49 K CR.)
Casey is distinguishable. There the failure to annex a copy of the underlying order of protection was held not to invalidate the information because there was attached the supporting deposition of the complainant who alleged, on personal knowledge, that a temporary order of protection had been issued. Furthermore, the record disclosed that the complainant showed a certified copy of the order containing defendant’s signature to the detective and the defendant admitted to the detective that *175 he had been served with the order. Accordingly, the Court found that the failure to annex the order to the accusatory instrument did not render the information jurisdictionally defective “under the particular circumstances of this case.” (Casey at 360.)
Casey also recognized that a certified copy of the order would be admissible under the statutory or common-law public documents (or official entry) exception to the hearsay rule. (Casey at 362.)
Similarly, in cases involving a charge of unlicensed driving, the People, in order to convert a complaint to an information, are required to file a properly authenticated copy of the records of the Department of Motor Vehicles (otherwise referred to as a DMV Abstract) demonstrating the suspended status of the defendant’s driver’s license. (People v Sikorski, 280 AD2d 414 [1st Dept 2001]; People v Smith, 258 AD2d 245 [4th Dept 1999], lv denied 94 NY2d 829 [1999]; People v Carlsons, 171 Misc 2d 943 [Sup Ct, Nassau County 1997]; People v Pierre, 157 Misc 2d 812, 816 [Crim Ct, NY County 1993]; cf. People v Etienne, 192 Misc 2d 90 [Nassau Dist Ct 2002] [reliance upon DMV database by arresting officer sufficient to satisfy CPLR 4518 and common-law presumptions as to trustworthiness, because this was done routinely and because of special relationship between police and Department of Motor Vehicles]; People v Howell, 158 Misc 2d 653 [Crim Ct, Kings County 1993].)
In the instant case, the defendant is being charged with having violated a court order releasing him on condition that he appear as required. Yet there is no affidavit based on personal knowledge nor any adequately certified document supporting the otherwise hearsay allegations in the complaint that the defendant had been released on bail or personal recognition and that he failed to appear on a particular date or within 30 days thereafter. Thus, the complaint cannot be deemed converted to an information by reason of the filing of the CRIMS.
However, the request of the People, that the court convert the complaint by taking judicial notice of the information in the records of the court, stands on firmer ground.
As a general rule, a court may take judicial notice of its own records in the case before it (Casson v Casson, 107 AD2d 342, 344 [1st Dept 1985]; Weinberg v Hillbrae Bldrs., 58 AD2d 546 [1st Dept 1977]; Prince, Richardson on Evidence § 9-301 [Farrell 11th ed]), or in another action in the same court. (Matter of Ordway, 196 NY 95 [1909]; People v Dritz, 259 App Div 210 [2d Dept 1940]; Devine v Melton, 170 App Div 280 [1st Dept 1915].)
*176 It has been held that an information need not set forth matters of which judicial notice may be taken. (People v Squilleri, 37 Misc 2d 291 [Magis Ct 1962]; People v Resciniti, 191 Misc 719 [NY County Ct 1948]; but see, People v Hussein, 177 Misc 2d 139 [Crim Ct, Kings County 1998] [court declined to take judicial notice of underlying order of protection in order to convert complaint].)
Since the hearsay allegations which the court is requested to judicially notice are set forth in the complaint, the taking of such notice would not impair the essential right of the defendant to be sufficiently apprised of the charges against him so that he may adequately prepare his defense. Furthermore, the complaint is sufficiently particular to protect defendant from multiple prosecutions in violation of his right not to be placed in double jeopardy.
However, the case referred to and identified by docket number in the complaint which the court is asked to judicially notice was dismissed for lack of speedy trial on December 20, 2002. On that date, by application of CPL 160.50 (1) the record of the proceeding was sealed. CPL 160.50 (1) (c) provides that sealed court records may not be made available to any person or public agency. (See, Matter of Joseph M. [New York City Bd. of Educ.], 82 NY2d 128 [1993].)
Although People v Anonymous (99 Misc 2d 537 [Crim Ct, NY County 1979]) reached a different result, that case predates Matter of Joseph M. and is otherwise distinguishable. There, the court permitted the People, on ex parte motion, to calendar a dismissed and sealed case so that they could move, on notice, to unseal the case and resume prosecution. The court reasoned that it had plenary control of its own records and held that material necessary to the orderly administration óf justice or which enables the court to function on a day-to-day basis does not fall within the statutory prohibition which makes the records otherwise unavailable.
People v Anonymous was decided long before the Court of Appeals made clear in Matter of Joseph M. that a court’s inherent authority to unseal its own records is virtually limited to a single circumstance. “The Court cabined opportunity for growth of the inherent authority doctrine by limiting it to the one case where it had been directly applied * * * Absent this somewhat unique exception, courts are bound by the specific narrowly defined unsealing authorization set forth in paragraph (d) of subdivision one of [section 160.50].” (Preiser, 1994 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book *177 11 A, CPL 160.50, 2003 Pocket Part, at 330 [internal quotation marks omitted].)
Furthermore, the People have made no motion to unseal the dismissed case either in this or a superior court. (It is perplexing that the People have failed to pursue the obvious, and simple, alternative of obtaining a properly authenticated copy of the public record to support the charge of bail jumping.) Without being able to examine the record of that sealed case, the court is unable to determine the facts which the People request the court to judicially notice. Thus, in this particular instance, resort to the doctrine of judicial notice is not available to remedy the otherwise hearsay allegations of the complaint. Accordingly, the charge of bail jumping in the complaint has not been converted to an information.