OPINION OF THE COURT
Melissa C. Jackson, J.
Generally, for an accusatory instrument charging criminal contempt in the second degree based on a violation of an order of protection to constitute a sufficient information, it must include a certified copy of the order in question as well as proof of the defendant’s awareness of the existence of the order at the time of the alleged violation. (People v Peluso, 192 Misc 2d 33 [2002]; People v Bendter, 184 Misc 2d 374 [2000].) The instant motion presents the novel question of the level of corroboration required when a criminal contempt charge is based upon the defendant’s alleged disobedience of a subpoena. Because CPL 610.40 sets forth that a subpoena must be served in the manner provided by the CPLR, we find that, when the disobedience of a subpoena serves as the predicate for a charge of criminal contempt in the second degree, a sufficient information must include both a copy of the subpoena and a corroborating affidavit which comports with the “proof of service” requirements set forth in CPLR 306.
The defendant Kimberly Griffin was arrested and charged with Penal Law § 215.50 (3) (criminal contempt in the second degree) arising out of allegations that she intentionally disobeyed a “so ordered” subpoena to appear in New York County Supreme Court. The defendant argues that a copy of the underlying subpoena is an essential element of the offense and is necessary to convert the complaint. Since the People did not file a copy of the subpoena until after they filed a certificate of readiness for trial, the defendant contends that their purported readiness was predicated upon a jurisdictionally defective accusatory instrument and is therefore illusory. The People, in turn, argue that a copy of the subpoena is not required since the level of corroboration needed to support a charge of criminal contempt that is based upon a violation of an order of protection does not apply to a contempt charge predicated upon a disobedience of a subpoena. This court disagrees and notes that the People have not cited any case law in support of their position.
The motion arises from the following procedural history. Pursuant to her arrest, the defendant was arraigned on March 12, 2005, at which time the People filed a complaint charging her *628 with one count of Penal Law § 215.50 (3) (criminal contempt in the second degree, a class A misdemeanor). In pertinent part, that complaint read as follows:
“Deponent [Detective John Garvey] states that deponent is informed by Assistant District Attorney Kavita Bovell of the New York County District Attorney’s Office that informant served the defendant with a SO Ordered subpoena in Part 44 on February 22, 2005 to testify in the case of People v Lavan Rambert. Deponent is further informed by informant that said So Ordered subpoena was served on defendant in the presence of Judge Marcy Khan and that said subpoena required defendant to appear in Part 44 on February 23, 2005. Deponent is further informed by informant that defendant never appeared in Part 44 on February 23, 2005.”
The People never filed any supporting depositions in relation to this initial complaint.
On May 27, 2005, the People filed a superceding complaint and a certificate of readiness for trial. The allegations in the superceding complaint read as follows:
“Deponent [Police Officer Vincent Saporitio] states that he observed the defendant served with a SO Ordered Subpoena in Part 44 on February 22, 2005 to testify in the case of People v Lavan Rambert, Ind No 4619/04. Deponent further states that said SO Ordered subpoena was served on defendant in the presence of Judge Marcy Kahn and that said subpoena required defendant to appear in Part 44 on February 23, 2005. Deponent further states that defendant never appeared in Part 44 on February 23, 2005.”
On June 20, 2005, the People finally served and filed a copy of the so ordered subpoena. To date, they have not served a supporting deposition from the nameless individual whom the deponent observed serve the subpoena.
Neither of these accusatory instruments constitutes a facially sufficient information. For an information to be sufficient on its face, it must contain nonhearsay allegations of the factual part and/or supporting depositions which establish every element of the crimes charged (see CPL 100.40 [1] [c]). Penal Law § 215.50 (3) states that a person is guilty of criminal contempt in the second degree when he engages in intentional disobedience or *629 resistance to the lawful process or other mandate of a court.[1] The vast majority of reported case law addressing the sufficiency of an information charging criminal contempt in the second degree is based upon a violation of an order of protection.
“Generally, for an accusatory instrument charging criminal contempt in the second degree to constitute a sufficient information it must contain: (1) nonhearsay sworn factual allegations establishing, if true, that the defendant intentionally disobeyed the law[ful] mandate of the court, (2) a certified copy of the order in question, (3) proof of defendant’s awareness of the order at the time that it was allegedly violated, and (4) factual allegations as to the manner it was disobeyed.” (People v Peluso, 192 Misc 2d 33, 36-37 [2002], citing People v Bendter, 184 Misc 2d 374 [2000].)
In People v Casey (95 NY2d 354 [2000]), while holding “that though it is better practice to file a certified copy of the order of protection” (Peluso at 37), the Court of Appeals recognized that the nonhearsay requirement could be satisfied by an allegation admissible under a hearsay exception. (See also People v Perez, 195 Misc 2d 171 [Crim Ct, NY County 2003].)
In the instant case the lawful mandate that defendant is alleged to have disobeyed is a subpoena ordering her to appear as a witness at a trial. A subpoena issued by a district attorney is a mandate of the court, and disobedience thereof may be punished as for a criminal contempt. (People ex rel. Drake v Andrews, 197 NY 53 [1909]; People v Natal, 75 NY2d 379 [1990].) Article 610 of the CPL governs the procedures for securing attendance of witnesses by subpoena. CPL 610.40 sets forth that a subpoena must be served in the manner provided in the CPLR. CPLR 2303 (a) sets forth that a subpoena requiring attendance shall be served in the same manner as a summons. When a subpoena is personally served upon a defendant, service is not complete until a “proof of service” is filed.[2] In this case, both accusatory instruments allege the subpoena was personally served on the defendant pursuant to subdivision (1) of CPLR 308. A proper *630 affidavit of a process server attesting to personal delivery upon a defendant constitutes prima facie evidence of proper service. (NYCTL 1998-1 Trust & Bank of N.Y. v Rabinowitz, 7 AD3d 459 [1st Dept 2004].) CPLR 306 (a) sets forth that
“[p]roof of service shall specify the papers served, the person who was served and the date, time, address, or, in the event there is no address, place and manner of service, and set forth facts showing that the service was made by an authorized person and in an authorized manner.”
CPLR 306 (b) sets forth that when service is made personally upon an individual, “proof of service shall also include ... a description of the person to whom it was delivered, including, but not limited to, sex, color of skin, hair color, approximate age, approximate weight and height, and other identifying features.”
Proof of the defendant’s awareness of the subpoena at the time of its alleged violation is an element of criminal contempt in the second degree which must be established by nonhearsay allegations. An affidavit from the server of the subpoena is required to corroborate the “awareness” element. Since the rules governing securing the attendance of witnesses at criminal proceedings must be read in tandem with the CPLR, it follows that the subpoena server’s affidavit must contain facts which conform to the proof of service requirements set forth in CPLR 306.
In the instant case, both the initial and superceding accusatory instruments fail to establish a prima facie case under Penal Law § 215.50 (3) based upon disobedience of a subpoena. The initial complaint required, at the very least, a corroborating affidavit from Assistant District Attorney (ADA) Kavita Bovell, since the factual allegations set forth that she is the individual who served the defendant. Moreover, even if such a corroborating affidavit had been filed, it would have had to include a description of the defendant’s physical appearance, as required by CPLR 306 (b). The superceding complaint, even when read in tandem with the subsequently filed copy of the subpoena, also fails to constitute a jurisdictionally sufficient information. The complaint is based upon the deponent’s personal observation and the server of the subpoena is not even identified.
We conclude that when a charge of criminal contempt in the second degree is based upon noncompliance with a subpoena, a sufficient information requires both a copy of the subpoena in *631 question and a supporting deposition that mirrors the proof of service requirements set forth in CPLR 306. Parenthetically, we note that, unlike violations of orders of protection which are not governed by the CPLR, the defendant’s awareness of the subpoena’s existence cannot be established by exceptions to the hearsay rule. If the individual who served the subpoena becomes unavailable, as may be the case with ADA Kavita Bovell, there is support for the concept that an individual’s admission that he was in fact served creates a hearsay exception. (See CPLR 4531; Capital Resources Corp. v Auguste, 266 AD2d 330 [1999].) However, this hearsay exception would only come into play where an affidavit of service exists, is presented to the court and contains sufficient factual detail in conformity with CPLR 306. Nonetheless, this would not apply in the instant case since no affidavit exists and the record does not reflect that the defendant ever conceded that she was in fact served.
We dismiss both the initial and superceding accusatory instruments on grounds of facial insufficiency pursuant to CPL 100.15 and 100.40.

. Except in cases growing out of labor disputes as defined by subdivision (2) of section 753-a of the Judiciary Law.

. CPLR 2303 requires the filing of proof of service except that where service of the subpoena is made pursuant to CPLR 308 (2) (service to a person of suitable age and discretion, followed by a mailing to the defendant) or 308 (4) (affix and mail), the filing of the proof of service shall not be required.