OPINION OF THE COURT
Michael F. McKeon, J.
Defendant was charged by a prosecutor’s information with two counts of criminal contempt in the second degree in violation of Penal Law § 215.50 (3). It is alleged that on two separate dates, defendant “intentionally disobeyed or resisted the lawful process or other mandate of a court.” More specifically, it is alleged that defendant failed to comply with a subpoena issued by the district attorney and served upon the person of defendant, commanding defendant’s attendance before the Cayuga County grand jury on November 28, 2007 and December 19, 2007.
The prosecutor’s information was filed to correct an insufficiency in the original information. The original information had attached to it an affidavit by then-Chief Assistant District At *294 torney Jon Budelmann, along with a copy of the subpoenas and affidavits of service of Scott Spin, the officer who served defendant with the subpoenas. As the affidavits of service were alleged to be defective, the prosecutor’s information was filed, together with a new affidavit by Officer Spin, to correct the defects. The prosecutor’s information did not include the affidavit of Mr. Budelmann, nor did it include a copy of the subpoenas. However, the same were relied upon by reference in the prosecutor’s information.
Defendant claims, inter alla, that the failure to include a copy of the subpoena allegedly served upon him with the prosecutor’s information renders the prosecutor’s information insufficient. “[W]hen the disobedience of a subpoena serves as the predicate for a charge of criminal contempt in the second degree, a sufficient information must include both a copy of the subpoena and a corroborating affidavit which comports with the ‘proof of service’ requirements set forth in CPLR 306” (People v Griffin, 10 Misc 3d 626, 627 [Grim Ct, NY County 2005]). While it would have been better practice for the People to attach all documents, including the subpoenas, to the prosecutor’s information, rather than merely referencing them, the failure to attach them does not render the prosecutor’s information insufficient in the instant case. Both the defendant and the court were provided with copies of the affidavits and the subpoenas when the original information was filed. Thus, as the defendant already received and had an opportunity to review these documents, there was no prejudice to the defendant. Additionally, the affidavits of Mr. Budelmann and Officer Spin provide sufficient nonhearsay information to support the charges.
Defendant further argues that as the affidavit of service was not filed until July 18, 2008, service was not complete until that date, long after the dates of the grand jury proceedings. In support of his position, defendant relies on Griffin {supra). In Griffin, the court held that under CPLR 2303, “[w]hen a subpoena is personally served upon a defendant, service is not complete until a ‘proof of service’ is filed” (see Griffin, 10 Misc 3d at 629).
Pursuant to CPLR 2303, a subpoena is to be served in the same manner as a summons. When a summons is served pursuant to subdivision (2) or (4) of CPLR 308, it is required that proof of service be filed within the time frames set forth by the statute. However, pursuant to subdivision (1) of CPLR 308, there is no provision for filing proof of service when a summons *295 is served upon a person. Nevertheless, for subpoenas served pursuant to subdivision (2) or (4) of CPLR 308, CPLR 2303 specifically states that proof of service is not required. CPLR 2303 makes no mention, however, of any requirement for proof of service when service is made under any other subdivision of CPLR 308, including subdivision (1).
It is this court’s view that the Griffin court’s interpretation of CPLR 2303 is in error. The court in Griffin appears to have interpreted the statute’s reference to subdivisions (2) and (4) of CPLR 308 as meaning that in all other cases, filing of proof of service is required. However, the legislative history of CPLR 2303 demonstrates that the language eliminating the need to file proof of service in cases where service is made pursuant to subdivisions (2) and (4) of CPLR 308 was included as a result of the difficulty in having to comply with this requirement when the return date of the subpoena was nearing (see Siegel, NY Prac § 383 [4th ed]). Thus, the inclusion of the language in CPLR 2303 eliminating the need to file proof of service in such cases was not meant to imply that filing of proof of service is required in all other types of service. Rather, it was meant to imply that filing of proof of service is not required in any types of service.
Assuming, arguendo, that filing of proof of service was required for subpoenas served upon the person, where would such proof be filed in a criminal proceeding? In the County Clerk’s office, as would be the case for a summons served pursuant to subdivisions (2) and (4) of CPLR 308? In the local criminal court? In the superior court?
This court is of the opinion that neither the CPLR, nor the CPL, require the filing of proof of service in cases where a subpoena is served upon an individual, regardless of whether the individual is personally served or otherwise. To hold otherwise would leave open many unanswered procedural questions and leave those serving subpoenas in criminal matters at a severe time and procedural disadvantage. This court’s holding, however, does not in any way eliminate or minimize the need for proof of service in such cases. When a charge of criminal contempt in the second degree is based, as here, upon noncompliance with a subpoena, proof of service is required.
With regard to defendant’s request for a traverse hearing on the issue of service, this request is denied. “The trial of an issue of fact on a jurisdictional motion, notably one raising an issue of whether or not the defendant was properly served with process *296 ... is commonly called a ‘traverse’ in New York practice” (see Siegel, NY Prac § 271, at 452 [4th ed]). While a traverse is generally held in the context of a civil proceeding, this court is of the opinion that a similar hearing could be appropriate in a criminal proceeding in certain circumstances (but see People v Causeway Constr. Co., 164 Misc 2d 393 [Grim Ct, Bronx County 1995], revd on other grounds 169 Mise 2d 70 [App Term, 1st Dept 1996]). Thus, for example, if a defendant were to deny receipt of the document served and the People were to provide proof of service, a genuine issue would be raised that would entitle the defendant to a hearing on the issue (see e.g. Fabian v Mullen, 20 AD3d 896 [4th Dept 2005]; LeFevre v Cole, 83 AD2d 992 [4th Dept 1981]).
In the instant case, however, the papers do not include a statement by the defendant denying receipt of the subpoenas, nor do they provide the court with any information to rebut the sworn affidavit of Officer Spin. In fact, not only did defendant not present an affidavit to the court, his attorney’s affirmation fails to allege any factual allegations sufficient to raise an issue here. The attorney affirmation merely denies that “Officer Spin properly served the Defendant.”
Thus, defendant has failed to present, or even allege, facts sufficient to necessitate a hearing on the issue of service. “It is fundamental that a motion may be decided without a hearing unless the papers submitted raise a factual dispute on a material point which must be resolved before the court can decide the legal issue” (People v Gruden, 42 NY2d 214, 215 [1977]). Moreover, whether defendant was properly served will go to the issue of whether defendant had knowledge of and intentionally disobeyed the subpoenas. As this is an issue for the jury to determine, a traverse hearing would be inappropriate in such a case.
Accordingly, defendant’s motion to dismiss the prosecutor’s information is denied. Defendant’s motion for a traverse hearing on the issue of service of process is similarly denied.